### In re MODERN APPLIANCE CENTER, INC., Debtor.

### Gene HOWARD, Trustee, Plaintiff,

### v.

### UNITED STATES FIRE INSURANCE COMPANY, Defendant.

Bankruptcy No. 581–01479–S.
Adv. No. 584–0136.

United States Bankruptcy Court,
W.D. Louisiana,
Shreveport Division.

Feb. 6, 1986.

Chatham H. Reed, Simon, Fitzgerald, Cooke, Reed & Welch, Shreveport, La., for plaintiff.

Michael S. Hubley, Charles W. Salley, Lunn, Irion, Johnson, Salley & Carlisle, Shreveport, La., for defendant.

## FINDINGS OF FACT

LeROY SMALLENBERGER, Bankruptcy Judge.

This adversary proceeding involves the scope of fire insurance obtained by the Trustee during the administration of the bankrupt, Modern Appliance Center, Inc. The debtor-corporation filed for protection under Chapter 11 of the Bankruptcy Code, on December 14, 1981. On December 29, 1981, Mr. Gene Howard, a bankruptcy Trustee since 1974, was appointed as Trustee for this case; subsequently, on December 7, 1983, the Chapter 11 case was converted to a Chapter 7 Liquidation proceeding. The debtor-corporation owns two buildings on separate pieces of property in Coushatta, Louisiana. One is the retail business located at 625 Shreveport Highway, the other is a warehouse, located a few blocks from the retail store, at the corner of Ringgold Avenue and Britain Street.

During Mr. Howard's trusteeship, in early November 1983, the fire insurance covering both buildings was due to expire with the John Bernard Agency and Mr. Howard chose to seek cheaper insurance from another company. Upon discovery that the insurance was due to expire, Mr. Howard only had a day or two to procure a new coverage. On November 11, 1983, Mr. Howard called David Montgomery of the David Montgomery Insurance Agency, in Bossier City, Louisiana. Mr. Howard and Mr. Montgomery had known each other for a few years and during that time, Mr. Howard had insured property under his administration through Mr. Montgomery's agency.

What transpired during the phone conversation on Friday, November 11th, 1983 is primarily the subject of this controversy. The Court notes that Mr. Howard had conducted an inventory of both locations and was well aware that there were two separate buildings on two nonadjoining lots. Mr. Howard admitted that the only location he mentioned to Mr. Montgomery on the telephone was the retail business on Shreveport Highway, located in the Piggly Wiggly Shopping Center. Mr. Howard, however, made clear that he wanted the policy to cover all of the inventory owned by the debtor-corporation. Thus, the Court concludes that at no time during this phone conversation was the warehouse location discussed.

The following week, Ms. Theresa Harmon, who works for the David Montgom-

ery Agency, called Mr. Howard to find out the municipal address of the business so that a proper insurance policy could be written to replace the "binder" of the preceding Friday's phone conversation between Mr. Howard and Mr. Montgomery. Mr. Howard did not know the municipal address, of the retail store, but informed Ms. Harmon that the building was located in the Otasco Building in the Piggly Wiggly Shopping Center. Next, Ms. Harmon examined a microfilm of downtown Coushatta and determined that the address of the retail store was 625 Shreveport Highway. She then discussed this information with Mr. Howard and confirmed that address by discussing other stores located in the shopping center. The Court notes that Ms. Harmon had been employed by Mr. Montgomery as the commercial properties agent for well over five (5) years. Again, during this discussion, the only location discussed was the retail building in the Piggly Wiggly Shopping Center.

Some time later, the policy bearing number 2413706175 was sent to Mr. Howard. The "Description and Location of Property Covered" reads as follows:

> On all contents usual and incidental to the assured's business, as Otasco Retail Store, located in the one story, ICM Building, located *625 Shreveport Highway*, Coushatta, Louisiana, Red River Parish, Louisiana (emphasis added).

Mr. Howard admitted that he checked to ensure that the premium was correct, but did not review what was covered by the policy.

This was the policy then in force when, on January 10, 1984, the warehouse and contents located on the corner of Ringgold and Britain Street was destroyed by fire. Subsequently, on January 24, 1984, GAB Business Services, Inc., holder of the insurance policy, denied coverage because it believed that the policy covered only the contents located at 625 Shreveport Highway.

## CONCLUSIONS OF LAW

Concerning the issue of negligence and the duty of the parties, this Court must examine the jurisprudence and Law of Louisiana. *Hotel Corporation of the South v. Rampart 920, Inc.*, 46 B.R. 758 (D.C.E.D. La.1985). Under Louisiana Law, contracts of insurance are to be construed against the insurer and liberally in favor of the insured. *Benton Casing Service, Inc., v. Avemco Insurance Co.*, 379 So.2d 225 (La. 1979). As a corollary, limitations on coverage must be clear, and ambiguities must be resolved in favor of the insured. *Insurance Company of North America v. Solari Parking, Inc.*, 370 So.2d 503 (La.1979).

The Trustee makes two arguments in support of coverage. First, that based upon the telephone conversation between Mr. Howard and Mr. Montgomery, it was understood that the insurance was to cover all of the inventory of the debtor-corporation. Second, the Trustee argues that the coverage quoted above as part of the description is ambiguous and should be construed against the defendant.

■ The Court will address the latter argument first. We agree with the Trustee that use of the word "located" in the above-quoted paragraph of the policy is somewhat redundant. Location is important in two respects. First, a location is needed to indicate where or what is covered by the insurance policy. Second, a location is needed so that the insurance agent can calculate the premium of the policy. This calculation is based upon various risk factors, such as the location's distance from the fire station or fire hydrant. While we agree that the phase is somewhat unclear, the Court does not believe it to be so ambiguous so as to stretch insurance coverage from one location to another. Thus, the Court rejects the Trustee's ambiguity argument.

■ The second agreement has more validity. Mr. Howard and Mr. Montgomery had been doing business together for a long period of time. The Court believes that both men know the importance of establishing the location of the items or property to be insured. Mr. Montgomery had to be well aware of the special duties of the

Trustee in bankruptcy and the volume and difficulty of the Trustee's administrative job. In contrast, Mr. Howard, a Trustee for some years, and an insurance agent himself knew or should have known the importance of establishing a location and checking to ensure that the proper location was covered. The Court believes that both men, under Louisiana Law, are negligent to an equal degree.

> Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill. LA Civ.Code Art. 2316.

Mr. Howard was certainly negligent in not reading or checking to ensure that the policy issued was correct. *Kieran v. Commercial Union Insurance Company of New York* 271 So.2d 889 (La.App. 4th Cir. 1973). In contrast, we believe that Mr. Montgomery, upon his representation that he would ensure all the inventory of the debtor, had the duty to ensure that the policy complied with his promise. The Court does not decide what Mr. Montgomery should have done; the record is clear, however, that neither he nor Ms. Harmon attempted to ascertain the location of the inventory. The only thing Ms. Harmon attempted to do was obtain the municipal address.

Based upon our finding of mutual negligence, we must now determine whether the defendant herein can be held liable based upon the provisions of the insurance policy at issue. The Court concludes that based upon an analysis of Louisiana Law, we can not, based upon the oral representations or negligence of the insurance agent, broaden the scope of the written insurance policy. LSA–RS 22:628 provides:

> **§ 628. Must contain entire contract with exceptions**
>
> No agreement in conflict with, modifying, or extending the coverage of any contract of insurance shall be valid unless it is in writing and physically made a part of the policy or other written evidence of insurance, or it is incorporated in the policy or other written evidence of insurance by specific reference to another policy or written evidence of insurance.

Louisiana follows the general rule that oral representations can not be used to enlarge or extend coverage beyond that set forth in the policy. *Ledoux v. Old Republic Life Insurance Company* 233 So.2d 731 (La. App. 3d Cir.1970) *McDaniel v. Moore,* 351 So.2d 855 (La.App. 2nd Cir.1977). Thus, under Louisiana Law plaintiff's demands against the defendant, United States Fire Insurance Company, must be dismissed.