**In re David Roger McGOWAN, Debtor.**

**Bankruptcy No. 86–00813C.**

United States Bankruptcy Court, N.D. Iowa.

Oct. 4, 1988.

Michael Irvine, Cedar Rapids, Iowa, Trustee.

H. Raymond Terpstra, II Cedar Rapids, Iowa, for debtor.

Herbert Rogers, Des Moines, Iowa, for Iowa Dept. of Revenue and Finance.

Timothy Mulligan, Washington, D.C., for the IRS.

## MEMORANDUM OF DECISION AND ORDER

### RE: TRUSTEE'S APPLICATION TO DETERMINE TAX LIABILITY

WILLIAM L. EDMONDS, Bankruptcy Judge.

The matter before the court is the trustee's application for a determination of his tax liability to the Internal Revenue Service and the State of Iowa, Department of Revenue and Finance.

Hearing was held in Cedar Rapids, Iowa on June 8, 1988.

Trustee Michael H. Irvine appeared on his behalf. Appearing for the debtor was his attorney Ray Terpstra. Appearing for the Internal Revenue Service was its attorney Timothy Mulligan, and appearing for the Iowa Department of Revenue and Finance was its attorney Herbert Rogers.

The court now issues the following ruling which shall constitute findings of fact and conclusions pursuant to Bankr.R. 7052. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## FINDINGS OF FACT

1. Debtor David Roger McGowan filed his individual voluntary petition under Chapter 7 of the Bankruptcy Code on April 9, 1986.

2. Michael H. Irvine was appointed trustee (TRUSTEE).

3. The trustee, Internal Revenue Service (IRS) and the Iowa Department of Revenue and Finance (IOWA) have stipulated to certain facts which they believe are all the facts necessary for the court to decide this issue, and which the court now adopts as part of these findings. The stipulated facts are these:

(a) There were no objections to discharge of the Debtor or, if so filed, were resolved in favor of the Debtor and an Order was entered which discharged the Debtor from all liability on dischargeable debts on July 31, 1986.

(b) Prior to the estate being fully administered, and at the request of the secured creditor, trustee on October 6, 1986 and on December 23, 1986 abandoned certain farm equipment and machinery in the amount of $53,623.00 and $4,991.00 respectively.

(c) Thereafter, a fiduciary return for the period April 9, 1986 to December 31, 1986 was prepared by Breen, Bpehmer & Co., P.C., an accounting firm retained by the Trustee. This return was filed with the Iowa Department of Revenue and Finance on May 7, 1987 for the bankruptcy estate of David R. McGowan. Included in the return was ordinary gains income allegedly realized from the property abandoned on October 6, 1986.

(d) It is agreed that this property was abandoned because the Debtor had no equity in the property and it was burdensome to the estate.

(e) A notice of assessment was sent out on July 6, 1987, in the amount of $2,841.80, because when the return was filed in May, remittance was not enclosed. Subsequently, the Trustee filed an Application to Determine Trustee's Liability to IRS and the State of Iowa.

(f) At the ... hearing it was the position of the Trustee and accountant for Trustee that the tax liability was that of the bankruptcy estate and not that of the Debtor. The Debtor's attorney concurred with this opinion. However, the Department's opinion was that the tax liability was that of the Debtor.

4. Prior to the hearing, it was the view of the IRS that it should be paid pro-rata from the estate and that the Trustee has no personal liability for any unpaid taxes remaining.

5. The IRS has now changed its opinion and asserts that the tax liability is not that of the estate.

6. As a result of the abandonments, the tax returns filed on behalf of the trustee show the estate's tax liability of $7,041.00 to the IRS and $2,646.00 to Iowa.

## DISCUSSION

The issue before the court is whether the bankruptcy estate is liable to IRS and Iowa for income taxes calculated on the theory that an abandonments by the trustee of assets of the bankruptcy estate trigger tax consequences to the estate.

The trustee in a brief filed by his accountants argues that his abandonment of the assets in question had tax consequences to the estate and not to the debtor and therefore the estate is liable for taxes to IRS and the State of Iowa.

IRS and Iowa take the position that abandonment of property of the estate by the trustee is not a taxable event to the estate and therefore the trustee has no tax liabilities to these taxing authorities as a result of the abandonments.

Unsurprisingly debtor agrees with the trustee.

The court points out, however, that the trustee appears to be somewhat of a sideline observer to this dispute inasmuch as the parties agree that if the trustee is liable and there are no assets in the estate, the trustee is not personally liable for the taxes. The trustee's accountants who filed a brief on the trustee's behalf, argue for the estate's tax liability. They appear, however, to be arguing the case with a view to protecting post-bankruptcy debtors and not necessarily with a view to the best interests of the bankruptcy estate or trustee.

This attitude is somewhat injurious to the adversary process. The court is forced to decide this matter without the benefit of a trustee's position which is adverse to the debtor.

Upon the filing of Mr. McGowan's bankruptcy case, his machinery and equipment became part of the property of the bankruptcy estate. 11 U.S.C. § 541(a)(1).

Former § 70(a) of the Bankruptcy Act vested title of the debtor's property in the trustee. Present Code § 541(a) does not.

■ When property is abandoned under 11 U.S.C. § 554, the trustee is divested of control of the property; it is no longer property of the estate.

It is returned to the control of the debtor as though no bankruptcy had occurred. *In re Cruseturner*, 8 B.R. 581, 591 (Bankr.D. Utah 1981), *In re R–B–Co., Inc. of Bossier*, 59 B.R. 43, 45 (Bankr.W.D.La.1986), 4 Colliers on Bankruptcy § 55402 (15th Ed. 1988).

■ Normally, abandonments, once completed, are irrevocable. This is so even if there is a subsequent discovery that the property has a greater value than previously believed. *In re Wornell*, 70 B.R. 153, 154 (Bankr.W.D.Mo.1986).

A trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate. 11 U.S.C. § 554(a).

Scheduled property not otherwise administered at the time of the closing of the case is abandoned to the debtor by operation of law. 11 U.S.C. § 554(c).

The machinery and equipment which allegedly generated tax liability to the trustee were abandoned pursuant to this court's order entered October 6, 1986 and by notice on December 23, 1986. The parties interested in this application agree that the transfer of this personal property from the debtor to the bankruptcy estate is not treated under the Internal Revenue Code as a disposition with tax consequences. 26 U.S.C. § 1398(f)(1).

The trustee and debtor argue, however, that the trustee's abandonment of the machinery and equipment was a transfer which must be treated as a disposition for tax purposes, the liability for which is assignable to the trustee.

The definition of "transfer" in 11 U.S.C. § 101(50) certainly appears broad enough to include the divesting of the estate's interest in property by abandonment.

The question, of course, is whether this "transfer" is an event under the Internal Revenue Code which would lead to tax consequences for the trustee.

IRS and Iowa both argue that it is not.

As to the State of Iowa, the answer to this dispute is found in 11 U.S.C. § 346(g)(1)(B). This section provides that "[n]either gain nor loss shall be recognized on a transfer—(B) other than a sale; of property from the estate to the debtor...."

No party-in-interest in this matter argues that the transfer by abandonment was a "sale" within the meaning of this Bankruptcy Code section. Therefore, as to Iowa, the abandonment was not a tax triggering event.

As to the IRS, the answer must be found under federal law rather than 11 U.S.C. § 346(g) which governs only as to state or local taxes. An appropriate starting point is Section 1398(f)(2) of Title 26 which provides that:

"In the case of a termination of the estate, a transfer (other than by sale or exchange) of an asset from the estate to the debtor shall not be treated as a disposition for purposes of any provision of this Title assigning tax consequences to a disposition, and the debtor shall be treated as the estate would be treated with respect to such asset."

This section applies to cases under Chapter 7 of the Code. 26 U.S.C. § 1398(a).

Section 1398 does not apply, however, where a Chapter 7 case is dismissed. It would seem, therefore, that a dismissal of a case and a termination of the estate are not equivalent events. Section 1398(f)(2) of Title 26 does not define the term "termination of the estate."

This term *could* mean the closing of a case after full administration of the estate; a termination of the estate's interest in property by virtue of abandonment or exemption; the termination of the estate's interest in property as a result of completed state or federal court proceedings following modification or termination of the automatic stay if such proceedings terminate the estate's interests under state law. It could have other meanings.

It appears, however, that 26 U.S.C. § 1398(f)(2) was not drafted by Congress with an eye to bankruptcy terminology. This court must give these words meaning in a bankruptcy context.

This court concludes that the meaning of "termination of the estate" includes the termination of the estate's interest in property pursuant to 11 U.S.C. §§ 554(a).

The court further concludes that the abandonment of property by the trustee is a transfer within the meaning of 26 U.S.C. § 1398(f)(2) and is therefore not one which shall be treated as a disposition for purposes of assigning tax consequences to the trustee.

The case of *Yarbro v. C.I.R.*, 737 F.2d 479 (5th Cir.1984) (reh'g. denied 1984), cited by the accountants for the trustee is distinguishable on the point that an abandonment is a sale or disposition which triggers income tax consequences.

That case did not deal with a bankruptcy but instead with the abandonment by a taxpayer-debtor of real estate subject to non-recourse debt.

In that case, the property securing the non-recourse debt dropped in value below the face amount of the non-recourse mortgage. The joint venturers who owned the property determined to abandon the property and so notified the mortgagee. The joint venturers declined to transfer the property to the mortgagee. The bank thereafter obtained title to the property through foreclosure. The dispute before the tax court was whether the loss from the abandonment of the joint venture property was ordinary loss or long-term capital loss. The Commissioner took the position that the abandonment of the property was a sale or exchange and resulted in long-term capital loss. The tax court agreed and the Fifth Circuit affirmed. The Circuit Court said that three elements are neces-

sary for an "exchange": "A giving, a receipt, and a causal connection between the two." In the case of an abandonment of property subject to non-recourse debt, the owner gives up legal title to the property. The mortgagee, who has a legal interest in the property, is the beneficiary of this gift, because the mortgagee's interest is no longer subject to the abandoning owner's rights. *Yarbro v. C.I.R., Id.* at 483–84.

The "one who abandons property subject to non-recourse debt receives a relief from the debt obligation when he gives up legal title." *Yarbro, Id.*, at 485.

In the case of a bankruptcy, however, the trustee does not hold legal title. Upon abandonment, he divests the estate of the estate's interest in the property. But what does he receive for it?

First it must be said then in the case *sub judice*, there is no argument that the debt of McGowan to the creditor holding the security interest in the farm machinery and equipment was a non-recourse debt.

Therefore, despite the abandonment, Bank, in addition to having valid claim against the personal property, could by appropriate proceedings retain any claim as an unsecured creditor against the estate to the extent the debt exceeds the value of the collateral.

Certainly the trustee "receives" relief from the obligation to administer property which if overencumbered would provide no assets for distribution in the bankruptcy case. It is for this very reason he abandons the property under 11 U.S.C. § 554. But the court does not consider this the kind of benefit necessary to an "exchange."

This court has difficulty with the notion that the mere act of abandoning burdensome property creates tax liability for the trustee. The effect of such a rule could be to place the burden of any taxes arising from such "dispositions" upon the unencumbered assets which might otherwise be distributed to unsecured creditors.

Finally, trustee argues that by burdening the Chapter 7 debtor with the tax consequences on the disposition of previously abandoned property would be to inhibit his fresh start. None of the parties have made clear to this court by the evidence or by authority that this actually is the case.

## CONCLUSIONS OF LAW

Abandonment of bankruptcy estate property by the case trustee is not a sale or exchange which triggers tax liabilities chargeable to the estate.

## ORDER

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that trustee Michael H. Irvine is not liable to the Internal Revenue Service or the Iowa Department of Revenue and Finance for income taxes arising from his abandonment of personal property of the estate.

SO ORDERED.