**In re Stanley N. OLSON and Margaret M. Olson, Debtors.**

**Edward F. SAMORE, Trustee, Plaintiff,**

**v.**

**Stanley N. OLSON; Margaret M. Olson; Winther, Stave & Company; Merlyn Winther; Internal Revenue Service and Iowa Department of Revenue and Finance, Defendants.**

Bankruptcy No. 85–02333S.
Adv. No. X88–0127S.

United States Bankruptcy Court,
N.D. Iowa, W.D.

April 27, 1989.

George Madsen and Calvin Moss, Sioux City, Iowa, for plaintiff.

Herbert Rogers, Des Moines, Iowa, for defendant Iowa Dept. of Revenue and Finance.

Martin McLaughlin, Karen Osborne, U.S. Dept. of Justice, Washington, D.C., for defendant I.R.S.

Christopher Bjornstad, Spencer, Iowa, for defendants Olson, Winther, Stave & Co. and Merlyn Winther.

## MEMORANDUM AND ORDER RE: APPLICATION OF NON–LIABILITY FOR U.S. AND IOWA INCOME TAXES

WILLIAM L. EDMONDS, Bankruptcy Judge.

The trustee, Edward F. Samore, seeks a determination that the estate is not liable for U. S. and Iowa income taxes as a result of his abandonment of estate property. He also seeks damages resulting from the debtors' unauthorized filing of state and federal tax returns on his behalf and resulting from actions of IRS and the State of Iowa which were responsive to the tax returns. This ruling shall constitute findings of fact and conclusions of law as required by Bankr.R. 7052. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### FINDINGS OF FACT

The parties have stipulated to the following facts which this court now adopts as findings:

1. Prior to the occurrence of any events relevant to plaintiff's adversary complaint, debtors, Stanley N. and Margaret M. Olson, were the owners of four parcels of land:

### TRACT I

NW¼NE¼, SW¼NE¼, and SE¼NE¼ of Section 33, Township 96 North, Range 35, West of the 5th P.M., Clay County, Iowa (120 acres);

### TRACT II

SW¼SE¼ of Section 26, Township 96 North, Range 35, West of the 5th P.M., Clay County, Iowa (40 acres);

### TRACT III

NE¼SW¼ and SW¼SE¼ of Section 27, Township 96 North, Range 35, West of the 5th P.M., Clay County, Iowa (80 acres);

TRACT IV

NE¼NE¼ of Section 33, Township 96 North, Range 35, West of the 5th P.M., Clay County, Iowa (40 acres—homestead).

2. Tracts I and II were subject to a mortgage held by First Interstate Bank. Tract III was subject to a mortgage held by Mutual Benefit Life Insurance Company. Tract IV was unencumbered and is the debtors' homestead.

3. On March 22, 1985, judgment in foreclosure was entered in favor of Mutual Benefit Life Insurance Company against Tract III and it was sold at sheriff's sale on May 15, 1985. Debtors retained a statutory one year right of redemption following the sale.

4. First Interstate Bank commenced foreclosure proceedings against Tracts I and II on October 16, 1985.

5. Debtors filed a voluntary petition for bankruptcy under Chapter 7 on November 8, 1985, staying First Interstate Bank's foreclosure action.

6. Debtors claimed Tract IV as exempt and retain possession of Tract IV.

7. Plaintiff, as trustee of debtors' bankruptcy estate, filed Notice of Abandonment of Tracts I and II on February 3, 1986.

8. Plaintiff did not receive any cash consideration for the abandonment, nor was cash received by the estate to satisfy claims as a result of the abandonment.

9. No formal objections to the abandonment were filed with the bankruptcy court.

10. Tracts I and II were sold by the creditor under foreclosure proceedings after the property was abandoned by plaintiff.

11. On September 29, 1987, debtors signed and mailed completed state and federal fiduciary tax returns in the name of "Stanley N. & Margaret M. Olson Bankruptcy Estate" and designating "Edward F. Samore" as fiduciary to the respective tax departments. The returns were prepared by defendant Merlyn Winther.

12. Plaintiff never requested or authorized debtors or Mr. Winther to prepare or file tax returns for the bankruptcy estate.

13. The Internal Revenue Service (defendant United States) issued a notice of overdue tax directed to plaintiff on February 15, 1988, with respect to the tax liability reported on the federal fiduciary tax return described in paragraph 11, above. This was the first knowledge plaintiff had of the claimed tax liability.

14. The plaintiff's fiduciary account for the bankruptcy estate has never held more than $1,500.00 at any time.

15. Plaintiff's counsel has written defendant Internal Revenue Service on numerous occasions in an attempt to resolve this matter.

16. At the present time there are insufficient assets available to the bankruptcy estate to make a distribution to the unsecured creditors.

17. In making its decision, the Court may assume without deciding that there will be individual income tax liability to the debtors, Stanley N. Olson and Margaret M. Olson in the event the Court should rule that the abandonment of the farm real estate is not taxable to their bankruptcy estate.

In addition, the court finds the following facts:

18. The debtors filed their joint voluntary chapter 7 petition on November 8, 1985.

19. Stanley N. Olson, Margaret M. Olson, Winther, Stave & Co., and Merlyn Winther raised an affirmative defense in their answer filed on June 3, 1988. The defendants contend that the trustee was under a duty to file a fiduciary income tax return and since he failed to do so, the actions of the debtors and their accountants were necessary to meet the trustee's mandated duties and to shield themselves from any asserted individual tax liability.

20. On June 10, 1988, defendant Iowa Department of Revenue and Finance (IOWA) filed an answer and cross-claim. Iowa requested the court to enter an order establishing that the tax liability in ques-

tion is that of the debtors and that the tax obligation be paid by the debtors.

21. The United States of America filed its answer on July 5, 1988. The United States requested that the court dismiss the complaint against the United States for the plaintiff's failure to properly serve the United States. Alternatively, the United States asked the court to find that the plaintiff is liable to the United States.

22. A motion for summary judgment was filed by Iowa on December 6, 1988. A hearing was held on the motion for summary judgment on January 5, 1989. The motion for summary judgment was denied by the court by order of January 9, 1989. Iowa withdrew its cross-claim without prejudice on January 5, 1989.

23. The United States filed a notice of withdrawal of proof of claim on January 31, 1989. The notice of withdrawal stated "[t]he defendant, United States of America, by its counsel, hereby withdraws the request for payment of Internal Revenue taxes (administrative proof of claim) in the amount of $34,401.00, filed in this matter on April 11, 1988."

24. The plaintiff and defendants Stanley N. Olson, Margaret M. Olson, Winther, Stave & Company and Merlyn Winther filed a partial stipulation of facts on March 8, 1989. The stipulation states:

"... the reasonable and necessary legal fees and expenses incurred by the trustee in this adversary proceeding is $3,706.08 through December 28, 1988. Said defendants do not agree or stipulate that they are in any manner liable for all or part of said fees and expenses and expressly deny any liability therefore."

## DISCUSSION

### I.

The major issue is whether the bankruptcy estate is liable to the United States (also referred to as Internal Revenue Service (IRS)) and to Iowa for taxes which resulted from the trustee's abandonment of certain real estate. The trustee, Edward F. Samore, abandoned real estate located in Clay County, Iowa, referred to as Tracts I and II, by filing a notice of abandonment on February 13, 1986.

Tracts I and II were subject to a mortgage held by First Interstate Bank. The property was burdensome or of inconsequential value to the trustee. Therefore, the property was abandoned pursuant to 11 U.S.C. § 554. The plaintiff did not receive any cash consideration for the abandonment and no objections were filed to the notice of abandonment. Following the abandonment of Tracts I and II, the property was sold by the mortgagee through foreclosure proceedings.

The debtors argue that the abandonment of the property triggered tax consequences to the estate. Further, the debtors argue that the taxable income that resulted from the abandonment of the real estate required the filing of a fiduciary return for 1986 pursuant to Internal Revenue Code § 6012(a)(9). Since the bankruptcy trustee did not file an income tax return for the estate, the debtors hired their own certified public accountants, Winther, Stave & Co. to file fiduciary income tax returns for the bankruptcy estate. The tax returns provided that the trustee was liable for taxes due to the United States and Iowa. The IRS sent a notice to the trustee dated February 15, 1988 demanding payment in the sum of $33,644.73 in tax, interest and penalties. The IRS filed a claim in the bankruptcy in the sum of $34,401.00. This claim was later withdrawn on January 31, 1989. Iowa sent a notice to the trustee dated October 8, 1987 demanding payment in the sum of $10,122.72 in tax, interest and penalties.

The plaintiff-trustee argues that the estate is not responsible for any of the federal or state taxes. The trustee argues that the abandonment of burdensome or valueless property under 11 U.S.C. § 554 does not create tax liability to the estate. The trustee basically relies on this court's earlier decision in *In re McGowan*, 95 B.R. 104 (Bankr.N.D.Iowa 1988).

In *McGowan*, the trustee abandoned farm equipment and machinery because the estate had no equity in the property and it was burdensome to the estate. The trustee filed a fiduciary return in which it was reported that ordinary gain income was realized from the property abandonment.

The IRS and the Iowa Department of Revenue both argued that the abandonment did not create any tax liability to the estate. The court in *McGowan* concluded that the abandonment of the bankruptcy estate property by the case trustee is not a sale or exchange which triggers tax liabilities chargeable to the estate. Defendants would have the court overrule that decision.

### A. Determination of Federal Income Tax Liability

Section 1398(f)(2) of Title 26 (Internal Revenue Code) provides that

"In the case of a termination of the estate, a transfer (other than by sale or exchange) of an asset from the estate to the debtor shall not be treated as a disposition for purposes of any provision of this title assigning tax consequences to a disposition. The debtor shall be treated as the estate would be treated with respect to such asset."

This section applies to this chapter 7 case. 26 U.S.C. § 1398(a).

In order to escape tax consequences under § 1398(f)(2), the trustee's abandonment of the real estate must:

1. have been a transfer,
2. which was not a sale or exchange,
3. which resulted from "termination of the estate."

Upon the filing of the debtors' bankruptcy case, the real estate became part of the property of the bankruptcy estate. 11 U.S.C. § 541(a)(1). Although the real estate becomes property of the estate, the trustee does not take title to the debtor's property. After a notice and hearing, the trustee may abandon any property of the estate that is burdensome or of inconsequential value to the estate. 11 U.S.C. § 554(a). Additionally, the court may order the trustee to abandon property of the estate at the request of a party in interest. 11 U.S.C. § 554(b).

Upon abandonment, the trustee is divested of control of the property and it is no longer property of the estate. 4 COLLIER ON BANKRUPTCY, para. 554.02 at 554–6 (15th Ed.1979).

In *McGowan* at 107, the court stated that "the definition of 'transfer' in 11 U.S.C.

§ 101(50) certainly appears broad enough to include the divesting of the estate's interest in property by abandonment." The court concludes that an abandonment of estate property by a trustee in a chapter 7 case is a "transfer" within the meaning of 26 U.S.C. § 1398(f)(2). While it is not a transfer of title, it is a relinquishment of control.

The debtors argue that the abandonment of the two tracts of farmland constituted a sale or exchange within the meaning of § 1398(f)(2). The debtors make this argument relying on the nonbankruptcy decisions of *Yarbro v. Commissioner of Internal Revenue*, 737 F.2d 479 (5th Cir.1984); *Crane v. Commissioner*, 331 U.S. 1, 67 S.Ct. 1047, 91 L.Ed. 1301 (1947) and *Commissioner v. Tufts*, 461 U.S. 300, 103 S.Ct. 1826, 75 L.Ed.2d 863 (1983). These nonbankruptcy cases held that the abandonment of property is treated as a sale or exchange.

The court stated in *Yarbro*:

"The term 'exchange,' in its most common, ordinary meaning implies an act of giving one thing in return for another thing regarded as an equivalent.... Thus, three things are required: a giving, a receipt, and a causal connection between the two. In the case of abandonment of property subject to non-recourse debt, the owner gives up legal title of the property. The mortgagee, who has a legal interest in the property, is the beneficiary of this gift, because the mortgagee's interest is no longer subject to the abandoning owner's rights."

*Id.* at 483–484.

"A sale, in the ordinary sense of the word, is a transfer of property for a fixed price in money or its equivalent." *Commissioner of Internal Revenue v. Brown*, 380 U.S. 563, 571, 85 S.Ct. 1162, 1166, 14 L.Ed.2d 75 (1965) quoting *State of Iowa v. McFarland*, 110 U.S. 471, 478, 4 S.Ct. 210, 214, 28 L.Ed. 198 (1884). *See also Burger–Phillips Co. v. Commissioner of Internal Revenue*, 126 F.2d 934, 936 (5th Cir.1942).

The debtors argue that the trustee received a benefit when he abandoned the

estate property since he was relieved from the burden of retaining and administering property which was valueless or unprofitable. The court trusts its earlier conclusion in *McGowan* at 108 that this is not the kind of benefit required for a "sale or exchange."

By abandoning property of the estate, the trustee relinquished control over it and it ceased to be property of the estate. The trustee in this case did not transfer title, and he received no consideration for his relinquishment of control. The court concludes that the abandonment by the trustee was not a sale or exchange within the meaning of 26 U.S.C. § 1398(f)(2).

Did the abandonment result from termination of the estate? The court noted in *McGowan* that the term "termination of the estate" is not defined in § 1398(f)(2) of Title 26. The court determined in *McGowan* at 107 that in the bankruptcy context the meaning of "termination of the estate" includes the termination of the estate's interest and property pursuant to 11 U.S.C. § 554(a).

It might be argued that the *McGowan* decision was overbroad in defining property abandonment during administration as "termination of the estate" under 26 U.S.C. § 1398(f)(2). Perhaps a better definition of "termination of the estate" is the "closing of a case." See 11 U.S.C. § 554(c). *Cf.* Treas.Reg. § 1.641(b)–3(a). This alternative was recognized in *McGowan* at 107.

If this be the meaning, then 11 U.S.C. § 554(c) and 26 U.S.C. § 1398(f)(2) would prevent the assignment of tax consequences to the estate when property is abandoned by operation of law as a result of its being unadministered at the close of a case. The court can see no reason why abandonment during administration should have a different tax effect. Abandonments during administration should also be covered by § 1398(f)(2).

The court recognizes the position that because of the "relation back" theory of abandonment, there is arguably no transfer and therefore no taxable event. The "relation back" theory espoused in *In re Cruseturner*, 8 B.R. 581, 591 (Bankr.D.Utah 1981) is that once abandoned, property stands as if no bankruptcy had been filed. It is not necessary to rely on the "relation back" theory to determine that there is no tax liability to the estate from abandonment of estate property.

The definition of "transfer" within the Bankruptcy Code is broad enough to encompass abandonments, and § 1398(f)(2) of Title 26 enables the court to determine the liability issue. The court concludes from the foregoing, that the abandonment by the trustee was a transfer other than by sale or exchange which is excepted from tax consequences under 26 U.S.C. § 1398(f)(2).

### B. Determination of Iowa Income Tax Liability

In order to determine if there was a transfer which would lead to tax consequences for the trustee as to the state of Iowa, the court must look, as it did in *McGowan Id.*, to 11 U.S.C. § 346(g)(1)(B). This section provides that

> "neither gain nor loss shall be recognized on a transfer—
>
> (B) other than a sale, of property from the estate to the debtor ..."

The debtors argue that the abandonment constituted a "sale or exchange." The language of 11 U.S.C. § 346(g)(1)(B) indicates that a gain or loss will only be recognized on a "sale." This court has concluded that the abandonment was not a "sale." Therefore, as to Iowa, the abandonment was not a tax triggering event. *In re McGowan*, 95 B.R. 104, 107 (Bankr.N.D.Iowa 1988).

### C. Fresh Start

The debtors argue also that burdening the chapter 7 debtor with tax consequences on disposition of previously abandoned property would inhibit their fresh start. The debtors state:

> "Shifting the burden (of taxes) to the debtors is clearly contrary to the intent and spirit of the Bankruptcy Code.... The paramount policy reason for bankruptcy is to provide the debtor a fresh start following discharge of his debt."

Memorandum brief of defendant Stanley N. Olson, Margaret M. Olson, Winther, Stave & Co. and Merlyn Winther at 7.

Imposing a large tax bill upon a debtor would certainly inhibit the debtor's fresh start. The court must, however, consider the "fresh start" of a debtor within the confines of the law. The chapter 7 debtor is not given a fresh start from all debts. There are statutory limits to discharge. 11 U.S.C. §§ 727 and 523. The tax debt created by a disposition of property after a bankruptcy has been filed is not a pre-petition debt which is discharged under § 727. It is a post-petition debt. The question is whose debt is it—the estate's under the theory that abandonment is a taxable event or the debtors' by virtue of a voluntary or involuntary transfer after abandonment.

This court believes that 11 U.S.C. § 554 and 26 U.S.C. § 1398(f)(2) supply the answer. The debtors are concerned about the damage such a result may do to a fresh start. However, that concern must be addressed by Congress.

## II.

The plaintiff argues that the defendants, Stanley N. Olson, Margaret M. Olson, Winther, Stave & Company, and Merlyn Winther, filed fiduciary tax returns with Iowa and IRS stating that tax was due from the trustee but without trustee's authority. Therefore, the plaintiff requests the court to award him all expenses, including attorney's fees incurred by plaintiff by reason of the actions of said defendants. Plaintiff also requests damages incurred by the estate and costs incurred.

The defendants argue that the trustee was under a duty to file a fiduciary income tax return and his failure to do so made it necessary that they file a fiduciary income tax return for the bankruptcy estate. The debtors contend that this action was necessary to meet the trustee's mandated duties and to shield themselves from any asserted individual liability.

■ Section 6012(a)(9) of Title 26 (Internal Revenue Code) provides:

"Returns with respect to income taxes under subtitle A shall be made by the following:

(9) Every estate of an individual under chapter 7 or 11 of title 11 of the United States Code (relating to bankruptcy) the gross income of which for the taxable year is not less than the sum of the exemption amount plus the basic standard deduction under section 63(c)(2)(D)."

The bankruptcy trustee is the responsible party for filing a tax return on behalf of a chapter 7 bankruptcy estate. 26 U.S.C. § 6012(b)(4). *See also* 11 U.S.C. § 728(b).

■ The court has determined that the abandonment of real estate by the trustee was not a taxable event. Therefore, unless there was other income to the estate, the trustee was not under a duty to file a fiduciary tax return pursuant to 26 U.S.C. § 6012(a)(9) and 11 U.S.C. § 728(b).

Neither the Olsons nor their accountants have cited to the court any authority permitting them to file a tax return for the trustee. The defendants Stanley and Margaret Olson should not have filed such return. The trustee should not have been required to file this adversary proceeding to protect himself from the claim or collection activities of Iowa or the IRS.

The court does not believe debtors' action was malicious. It was intended to achieve a purpose important to the debtors. However, the debtors could have raised the issue of the estate's liability for the tax *vis-a-vis* their own in other more appropriate ways—for example an adversary proceeding against the trustee and taxing authorities under 11 U.S.C. § 505, or by an adversary proceeding or motion seeking to compel the trustee's filing of the returns. Had they done so, the trustee would have still borne litigation costs.

They chose the wrong vehicle. Perhaps any damages awarded should be limited to those peculiar to the method chosen. The court will set a separate hearing on the issue of damages and the awarding of fees and costs.

## III.

■ The plaintiff argues also that the defendant, U.S.A., should be liable to the plaintiff for the plaintiff's reasonable litigation costs pursuant to 26 U.S.C. § 7430. The tax return filed by the debtors on behalf of the trustee indicated that the

estate owed federal income tax in the amount of $24,414.00. The trustee was sent a notice from the Internal Revenue Service dated February 15, 1988 which demanded payment from the trustee in the amount of $33,644.73 in tax, interest, and penalties. The IRS filed a claim in the bankruptcy estate in the sum of $34,401.00. This claim was later withdrawn. The trustee argues that he should be awarded attorney fees from the United States because IRS has taken an unreasonable position regarding tax liability to the trustee.

Section 7430(a) of Title 26 (Internal Revenue Code) provides:

"In general.—In the case of any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for—

(1) reasonable administrative costs incurred in connection with such administrative proceeding within the Internal Revenue Service, and

(2) reasonable litigation costs incurred in connection with such court proceeding.

Trustee argues that the position of the Internal Revenue Service was unreasonable since it has taken an opposite position in this case that it took in the *McGowan* case. The IRS sent a notice to the trustee demanding payment of the taxes on February 15, 1988. At that time, this court had not issued its order in *In re McGowan*, 95 B.R. 104 (Bankr.N.D.Iowa 1988). Since the bankruptcy court for this district had not ruled on the issue before this court, the court does not believe that the position of the IRS was unjustified.

The fact that the IRS took an opposite position in the *McGowan* case is not sufficient evidence to conclude that the government's position in this case was unreasonable and not substantially justified. Therefore, the court will deny the trustee's request for attorney fees and cost against the United States of America.

## CONCLUSIONS OF LAW

1. Abandonment of bankruptcy estate property by the case trustee is not a sale or exchange which triggers tax liabilities chargeable to the estate.

2. The defendants Stanley N. Olson and Margaret M. Olson should not have filed a fiduciary tax return on behalf of the trustee Edward Samore.

3. Defendant Internal Revenue Service is not liable for any of the plaintiff's attorney fees and costs.

### ORDER

IT IS ORDERED that trustee Edward Samore is not liable to the Internal Revenue Service or the Iowa Department of Revenue and Finance for income taxes arising from his abandonment of real property of the estate.

IT IS FURTHER ORDERED that the clerk shall set a hearing on whether Stanley Olson and Margaret M. Olson and defendants Winther, Stave & Company and Merlyn Winther should be required to pay reasonable attorney fees and costs or damages to the trustee, Edward Samore and if so, the amount of such award.

SO ORDERED.