In re Stanley N. OLSON and Margaret
M. Olson, Debtors.

Edward F. SAMORE, Trustee,
Plaintiff–Appellee,

v.

Stanley N. OLSON, Margaret M. Olson,
Winther, Stave and Company, Merlyn
Winther, Defendants–Appellants,

and

Internal Revenue Service and Iowa De-
partment of Revenue and Finance,
Defendants–Appellees.

No. C 89–4078.

United States District Court,
N.D. Iowa, W.D.

June 27, 1990.

Christopher A. Bjornstad, Spencer, Iowa, for Olsons, Winther Co. and Winther.

George Madsen & Calvin Moss, Sioux City, Iowa, for Edward F. Samore.

Edward F. Samore, Sioux City, Iowa, Trustee.

A. Frank Baron, Sioux City, Iowa, amicus curiae.

Karen Osbore, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for IRS.

Barbara E.B. Galloway, Des Moines, Iowa, for Iowa Dept. of Revenue and Finance.

## ORDER

DONALD E. O'BRIEN, Chief Judge.

This bankruptcy appeal is before the court on the merits of the appeal. The parties have presented the court with a single issue: whether a trustee's abandonment of property is an event taxable to the bankruptcy estate, or to the debtors individually. The trustee, the Internal Revenue Service, and Iowa Department of Revenue and Finance have argued that the event is taxable to the debtors. The debtors, of course, seek to have the bankruptcy estate pay the taxes. The court has carefully considered the issue before it and agrees with the bankruptcy court below that the event is one taxable to the debtors and not to the estate. The judgment below is affirmed.

---

1. The Honorable William Edmonds, United States Bankruptcy Judge for the Northern District of Iowa.

## FACTS

This is a bankruptcy appeal from an adversary proceeding brought by the trustee, who sought a determination that the abandonment of property was not a taxable event to the estate. The bankruptcy court[1] issued a decision adverse to the debtors and their accountants. 100 B.R. 458 (1989). The debtors (the Olsons) owned four tracts of land. A creditor (First Interstate Bank) commenced foreclosure actions against two of the tracts, identified as Tracts I and II. The debtors filed a chapter 7 bankruptcy, staying the foreclosure action. The trustee "abandoned" Tracts I and II. No party at that time filed formal objections to the abandonment in bankruptcy court.

Thereafter, the debtors hired accountants (Winthers, Stave and Company) to file income tax returns for the estate because, they argued, the trustee refused to do so. They filed the returns in the name of the estate. The first notice the trustee had of the tax returns was a notice from the IRS for past-due taxes. The IRS filed a claim in the bankruptcy estate for $34,401.00 which it subsequently withdrew, and the Iowa Department of Revenue sought $10,120.72. The Iowa Department of Revenue subsequently filed an answer stating that they no longer seek taxes from the trustee, but rather, are seeking the funds from the debtors. The trustee's account for these debtors has never held more than $1,500.00 and there has been insufficient funds for unsecured creditors.

## DISCUSSION

■ A trustee of a bankruptcy estate may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate. 11 U.S.C. § 554(a). Under the Bankruptcy Act of 1898, the IRS took the position that the transfer of an individual bankrupt's assets to the trustee was not a taxable event. The Internal Revenue Ser-

**348**

vice also argues that the reverse, the abandonment of assets from the trustee back to the bankrupt, is not a taxable event either.

Section 1398(f)(2) of Title 26 (Internal Revenue Code) governs the federal tax liability and provides:

> In the case of a termination of the estate, a transfer (other than by sale or exchange) of an asset from the estate to the debtor shall not be treated as a disposition for purposes of any provision of this title assigning tax consequences to a disposition. The debtor shall be treated as the estate would be treated with respect to such an asset.

26 U.S.C. § 1398(f)(2). Congress did not draft this provision with an eye to bankruptcy terminology, necessitating that the courts give meaning to its language. In this case, the debtors seek to have the court determine that the trustee's abandonment of property constitutes a "sale or exchange" under the Code section, thus making the abandonment a taxable event. The court cannot find that the Code would support such an interpretation.

There is very little case law on this issue. In the case of *In re McGowen*, 95 B.R. 104, 108 (N.D.Iowa 1988), the bankruptcy court ruled that "[a]bandonment of the bankruptcy estate property by the case trustee is not a sale or exchange which triggers tax liabilities chargeable to the estate." In that decision, the court determined that, although "the trustee 'receives' relief from the obligation to administer property which, if over encumbered, would provide no assets for distribution in the bankruptcy case," that kind of benefit is not the kind "necessary" to an "exchange." *Id.* at 108. The debtor in the case at bar has proffered an identical argument to this court. This court, however, finds that the bankruptcy court's holding in *McGowen* and in this case below is the correct disposition of this issue.

■ The court further finds that debtors' reliance on similar nonbankruptcy cases to the contrary is not controlling in a bankruptcy context. Nor is this court persuaded that its ruling, that abandonment is not a taxable event to the estate, denies the debtor a fresh start. One of the purposes of the bankruptcy statute is to provide debtors with a fresh start. Nevertheless, the Code provision allowing for abandonment is not intended to benefit the debtor, but rather, is a provision drafted to provide for the orderly and efficient reduction of the bankrupt's debts. Finally, a chapter 7 debtor is not given a fresh start from all debts. This is a post-disposition debt from which the bankruptcy statutes do not protect a debtor.

The court is aware that its previous decision in *Erickson v. United States*, Civil No. 87–952–E, 1989 WL 135395 is currently on appeal to the Eighth Circuit Court of Appeals, and that the debtor claims that a ruling by the Eighth Circuit may affect the issues in this case. The court has delayed ruling in this case awaiting a decision by that body, but now believes that it must rule. While the court is not sure that the *Erickson* case involves the same situation presented in the case at bar, the court hereby grants the debtor permission to move for reconsideration within twenty days of the time that the Circuit hands down the mandate in *Erickson*, if the debtors so desire.[2] In the event that the debtors make such a motion, the court will allow all interest parties an opportunity to file briefs stating their opinion about what effect, if any, the decision has on the case at bar.

■ The Iowa tax liability issue is governed by 11 U.S.C. § 346(g)(1)(B), which provides that:

> Neither gain nor loss shall be recognized on a transfer—
>
> (B) Other than a sale, of property from the estate to the debtor....

11 U.S.C. § 346(g)(1)(B). For reasons set forth above and in *McGowen*, 95 B.R. at 107, the abandonment in this case is not a "sale" and therefore was not a taxable event for the State of Iowa.

---

**2.** When this ruling comes down from the Eighth Circuit Court, this court will see that the clerk of this court promptly alerts the debtor of said ruling.

CONCLUSION

Upon the foregoing;

IT IS THEREFORE ORDERED that the judgment below is affirmed for the reason that abandonment of bankruptcy estate property by the trustee is not a sale or exchange which triggers tax liability chargeable to the estate.

IT IS FURTHER ORDERED that the debtors may move this court to reconsider this order within twenty days of the date that the Eighth Circuit Court of Appeals hands down its mandate in *Erickson v. United States.*