In re Michael T. NEVIN, aka Michael Terrance Nevin, Debtor.

In re Mary Ann Louise HOLT, aka Mary Ann Holt, pka Mary Ann Louise Nevin, pka Mary Ann Nevin, Debtor.

Bankruptcy Nos. 91–00096, 91–00097.

United States Bankruptcy Court, D. Hawaii.

Dec. 18, 1991.

Bruce Bigelow, Honolulu, Hawaii, for debtors.

Carol K. Muranaka, Honolulu, Hawaii, for I.R.S.

## MEMORANDUM DECISION AND ORDER RE: MOTION FOR ABANDONMENT

JON J. CHINEN, Bankruptcy Judge.

On November 29, 1991, the U.S.A. filed a Motion for Abandonment. Debtor filed a Memorandum in Opposition to Internal Revenue Service's Motion for Abandonment. A hearing was held on December 11, 1991, at which time, the Court took the matter under advisement. The Court, being advised in the premises, now renders this memorandum decision and order.

By this motion, the Internal Revenue Service ("IRS") seeks to force the duly appointed Trustee herein, Kirk Lazell-Frankel, to abandon the Debtors' interest in the Il Fresco Limited Partnership to the Debtors personally.

The basic facts are not disputed. On January 25, 1991, Il Fresco Limited Partnership, a Hawaii limited partnership, filed a petition seeking relief under Chapter 7 of the Bankruptcy Code, being case number 91–00059. According to its schedules, Il Fresco ceased operating its restaurant called "Il Fresco" on January 25, 1991. The two general partners of Il Fresco are Mary Ann Louise Holt and Michael T. Nevin, who filed their own personal Chapter 7 petitions on February 6, 1991. In the partnership bankruptcy proceeding, the Bankruptcy Court approved the sale of the restaurant to Windows of Hawaii, Inc. for the sum of $437,355.00. This will result in a federal tax liability of approximately $100,-000.00 to the partners.

The individual general partners have listed their partnership interest in Il Fresco with a value of "None". The Bankruptcy Court has designated the individual partners' estates as "no asset" cases. However, the Debtors have transmitted several thousand dollars to the Trustee for each individual estate. The estate has no other assets or funds to pay the federal taxes.

Although there is money in the Il Fresco estate to pay the federal tax liability, even after payment of all of the secured creditors, the federal taxes cannot be paid from the partnership bankruptcy estate. The reason is that, in the 1978 Bankruptcy Code, there is no provision for payment of federal income taxes by a bankrupt partnership. There is such a provision for payment of state income taxes. Thus, the problem before the Court is exclusively a federal problem.

Under Section 1398 of the Internal Revenue Code ("IRC"), the filing of a Chapter 7 bankruptcy by an individual creates a separate taxable estate distinct from the debtor. Thereafter, the estate files its own tax returns and is liable for the income tax it generates through the sale of estate assets. See IRC §§ 6012(a)(9) and 6012(b)(4).

Two exceptions to the rule that the estate pays the taxes are (1) where the bankruptcy is dismissed, *see* IRC § 1398(b)(1), or (2) when encumbered property is abandoned by the trustee. *See In re McGowan,* 95 B.R. 104 (Bkrtcy.N.D.Iowa 1988).

11 U.S.C. § 554 provides in part:

(b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

■ The Bankruptcy Code requires that the trustee in a chapter 7 liquidation case expeditiously liquidate the property of the estate or to abandon it. See e.g., *In re Groves,* 120 B.R. 956 (Bankr.N.D.Ill.1990). And as noted in *In re Wilson,* 94 B.R. 886, 889 (Bankr.E.D.Va.1989):

Thus, it appears that the only concern of the trustee in determining whether to abandon a claim is whether such action would be in the best interest of the estate.... (citations omitted).

■ The abandonment of this property will relate back to the inception of the bankruptcy case and will revest title in the debtor as though the trustee never owned it. *Mason v. Commissioner,* 68 T.C. 163 (1977), *aff'd* 646 F.2d 1309 (9th Cir.1980). The Debtors argue that, if the property is abandoned to the Debtors, the right to a

fresh start will be greatly impaired. However, as noted in *In re Olson*, 121 B.R. 346, 348 (N.D.Iowa 1990):

> One of the purposes of the bankruptcy statute is to provide debtors with a fresh start. Nevertheless, the Code provision allowing for abandonment is not intended to benefit the debtor, but rather, is a provision drafted to provide for the orderly and efficient reduction of the bankrupt's debts. Finally, a chapter 7 debtor is not given a fresh start from all debts. This is a post-disposition debt from which the bankruptcy statutes do not protect a debtor.

It should be noted that the Debtors' chose the partnership form of business organization when they formed the restaurant. If they had selected a corporate form of ownership, they would not be faced with this dilemma that they are now in. They apparently chose the partnership route in order to obtain the tax benefits of partnership, that is, the flow-through of gains and losses. It is precisely this tax attribute that they now are attempting to evade. However, having obtained the benefits, they must also live with the burdens. The Debtors are asking this Court for its assistance in preventing the flow-through of the taxable income, which resulted when the assets of the partnership were sold, in order to evade the burdens.

Debtors also argue that it is not clear that any taxes would be shifted to the Debtors, contending that there must be a sale after abandonment to create any tax liability. However, the taxes that are flowing through to the Debtors are the Debtors' individual share of the profits and losses of the business operations, and not from the sale of their partnership interests.

In this case, the Debtors acknowledge that the partnership interests are of nominal, if any, value. And clearly, a tax liability of approximately $100,000.00 is burdensome to the estate.

Based on the above,

IT IS HEREBY ORDERED that the trustee shall forthwith abandon to the Debtors, their respective partnership interests in Il Fresco Limited Partnership to the Debtors.