In re Judith Boyd **TERJEN**, Debtor.

Judith Boyd **TERJEN**

v.

**Frank J. SANTORO and Debera F. Conlon.**

**Civ. A. No. 2:92cv695.**

United States District Court,
E.D. Virginia,
Norfolk Division.

May 19, 1993.

David H. Adams, Clark and Stant, Harry W. Jernigan, III, Virginia Beach, VA, for plaintiffs.

Frank J. Santoro, Marcus, Santoro & Kozak, Portsmouth, VA, Debera F. Conlon, Norfolk, VA, for defendants.

## ORDER

CLARKE, District Judge.

This matter is before the Court on appeal from the decision of the bankruptcy court overruling a chapter 7 debtor's objection to the Trustee's Final Report. For the reasons set forth below, the decision is AFFIRMED.

## BACKGROUND

At the hearing on this motion, the bankruptcy court found the following facts to be true. On July 21, 1989, the Appellant–Debtor, Judith Boyd Terjen, filed a voluntary petition for bankruptcy under Chapter 11 of the U.S. Bankruptcy Code. Included in the bankruptcy estate was certain property ("the property") located at 1222 North Bay Shore Drive, Virginia Beach, VA in which Terjen had a tax basis of $55,576.00. On August 17, 1989, the bankruptcy court approved Terjen's application for appointment of a real estate agent. By Orders respectively entered on the docket on September 8, 1989 and January 12, 1990, the bankruptcy court lifted the automatic stay relating to all liens on the property in favor of Woodward A. and Janet A. Warrick and Heritage Bank & Trust. No appeals were taken from either Order. On December 18, 1989, Terjen received a contract for the sale of the property. On December 27, 1989, Terjen's bankruptcy was converted to Chapter 7, and Frank J. Santoro was appointed interim trustee on January 29, 1990.

On February 21, 1990, the trustee convened a creditor's meeting pursuant to 11 U.S.C. § 341. At this meeting, the trustee, at the suggestion of Heritage Bank & Trust, abandoned the estate's interest in the property because there was no equity in the property. Although Terjen had notice of the meeting and the possibility of abandonment, she never objected to the abandonment. On March 9, 1990, Terjen sold the property in accordance with the December 18, 1989 contract; the trustee did not in any way participate in the sale. The taxable gain from the sale was $242,997.00, which amount was not included in the Trustee's Final Report and Account before Distribution. Terjen was granted a discharge from bankruptcy on May 9, 1990.

On April 2, 1992, Terjen filed an objection to the Trustee's Final Report contending the trustee should have recognized the taxable gain from the sale of the property as a tax liability of the estate, thus affording Terjen a "fresh start" upon her discharge from bankruptcy. By Order entered on the docket on July 22, 1992, the bankruptcy court overruled Terjen's objection finding that the sale of the property occurred after the trustee abandoned (at a properly noticed creditor's meeting) the estate's interest in the property. Accordingly, the bankruptcy court held that:

1) Abandonment of the Property does not constitute a taxable event.

2) Pursuant to 11 U.S.C. § 554, the Property was abandoned to the Debtor.

3) The estate [had] no liability for tax consequences occurring on a sale of the Property after the abandonment.

## DISCUSSION

■ The sole issue in this case is whether the bankruptcy estate is liable for taxes where the trustee abandoned property after creditors were afforded relief from the bankruptcy stay but before a foreclosure sale was held. Section 554(a) of Title 11 provides that upon notice to creditors, a trustee may abandon any property of the estate that is "burdensome to the estate or that is of inconsequential value or benefit to the estate." 11 U.S.C. § 554(a) (Supp.1993). The purpose in allowing abandonment is to provide for the orderly and efficient reduction of the debtor's obligations and maximize the estate for the benefit of its creditors. *See* 11 U.S.C. § 704(1) (Supp.1993); *In re Olson*, 121 B.R. 346 (N.D.Iowa.1990), *aff'd*, 930 F.2d 6 (8th Cir.1991); *In re Smith–Douglass, Inc.*, 856 F.2d 12 (4th Cir.1988); *In re Wilson*, 94 B.R. 886, 892 (Bankr.E.D.Va.1989). Unless a timely objection is made, court approval is not required for the abandonment. *See Wilson*, 94 B.R. at 888.

■ On appeal, Terjen first challenges the bankruptcy court's holding that an abandonment by the trustee is not a taxable event. She inaccurately asserts that it is non-taxable only when property is abandoned by operation of law at the close of the bankruptcy case. *See* 11 U.S.C. § 1398(f)(2) (1986). She further contends there is no "controlling case law" that makes all abandonments nontaxable to the estate. Although Terjen is correct in her reference to § 1398(f)(2) [1], the Court declines to interpret it as narrowly as Terjen. The Court adopts the view of other courts which have included abandonments by the trustee during the pendency of bankruptcy

within section 1398(f)(2). *See In re Olson*, 930 F.2d 6, 8 (8th Cir.1991); *In re McGowan*, 95 B.R. 104, 107 (Bankr.N.D.Iowa 1988).

■ Second, Terjen challenges the validity of the trustee's abandonment. She cites *In re A.J. Lane & Co.*, 133 B.R. 264 (Bankr.D.Mass.1991), for the proposition that the trustee impermissibly abandoned the property solely at the request of a creditor who had previously received relief from the automatic stay. She further contends it was improper because the *effect* of the divestment was to shift tax liability to Terjen. These arguments are without merit. Terjen has cited no authority to support the latter proposition, and it is well settled that a trustee has discretion to abandon property in the best interests of the estate. *See* 11 U.S.C. § 704(1) (Supp.1993); *In re Nevin*, 135 B.R. 652 (Bankr.D.Haw.1991); *In re Groves*, 120 B.R. 956 (Bankr.N.D.Ill. 1990); *In re Wilson*, 94 B.R. 886 (Bankr. E.D.Va.1989). Here, the trustee testified at trial that he was convinced that there was no equity in the property, and Terjen admits that the trustee did not have an intent to shift tax liability to Terjen. *Cf. Lane* (Estate liable for tax liability where trustee abandoned property solely at creditor's request).

■ Third, Terjen cites *Yarbro v. Commissioner of Internal Revenue*, 737 F.2d 479 (5th Cir.1984), *cert. denied*, 469 U.S. 1189, 105 S.Ct. 959, 83 L.Ed.2d 965 (1985), for the proposition that an abandonment by a taxpayer of real estate subject to a nonrecourse debt is a "sale or exchange" subject to tax liability. She contends there is a stronger argument for a "sale or exchange" having occurred in this case where the trustee abandoned property subject to a recourse debt because the debtor's equity in the property was less than its fair market value. Thus upon abandonment, the trustee was allegedly "relieved" from having to administer worthless property. This

---

1. Section 1398(f)(2) provides that
[i]n the case of a termination of the estate, a transfer (other than by sale or exchange) of an asset from the estate to the debtor shall not be treated as a disposition for purposes of any

provision of [Title 26] assigning tax consequences to a disposition, and the debtor shall be treated as the estate would be treated with respect to such asset.
26 U.S.C. § 1398(f)(2) (1988).

argument is without merit. The purpose of section 554 is to relieve the trustee from administering worthless property. To impose tax liability on the estate would frustrate this purpose. *Cf. McGowan*, 95 B.R. at 108 (an abandonment by a trustee of property in the bankruptcy estate is not a sale or exchange of assets giving rise to tax liability to the bankruptcy estate); *Olson*, 930 F.2d at 8 (same).

■ Fourth, assuming the trustee properly abandoned the property, Terjen contends it was not abandoned to her, and thus she has no tax liability. She further claims the property could not have been abandoned to her since she had no interest in regaining the property as it was under severe pressure of foreclosure, and the trustee did not specifically abandon it to her. The Court notes she does not cite any authority to support this position and merely relies on the fact that the secured creditor suggested the abandonment. Furthermore, Terjen has not produced any authority disputing the proposition that title to property transfers by law upon abandonment. *See Ohio v. Kovacs*, 469 U.S. 274, 284 n. 12, 105 S.Ct. 705, 711 n. 12, 83 L.Ed.2d 649 (1985); *In re Olson*, 930 F.2d 6 (8th Cir.1991); *In re Bentley*, 916 F.2d 431 (8th Cir.1990); *Mason v. Commissioner of Internal Revenue*, 646 F.2d 1309 (9th Cir. 1980); *In re Wilson*, 94 B.R. 886 (Bankr. E.D.Va.1989); *In re McGowan*, 95 B.R. 104 (N.D.Iowa 1988). Moreover, at the bankruptcy hearing, counsel for Terjen conceded that the divested property goes back to the person with a possessory interest in the property, generally the debtor.

Finally, Terjen contends the bankruptcy court's ruling denied her a "fresh start" by imposing tax liability from property abandoned by the estate. She cites *In re Laymon*, 1989 WL 252447 (D.Minn.1989), an unpublished opinion which is not binding on this Court, for the proposition that a trustee must consider the consequences of the abandonment on the debtor in deciding whether to abandon property of the estate. She further claims that her creditors are in a better financial position to bear the tax liability resulting from the foreclosure sale. The Court notes there has been no evidence or authority presented to support this, and

Terjen had notice and an opportunity to oppose the abandonment of the property. Thus the Court declines to review the trustee's decision to abandon the property. *See Tschirn v. Secor Bank*, 123 B.R. 215 (Bankr.E.D.La.1991) (abandonment irrevocable where trustee properly noticed abandonment, bankruptcy judge signed order approving abandonment and hearing not requested); *In re Bryson*, 53 B.R. 3 (Bankr.M.D.Tenn.1985) (abandonment irrevocable where trustee determined interest in lawsuit was worthless, notice was proper and no objection made).

## CONCLUSION

In this case the property was sold after the trustee abandoned it. At the time of the sale, the property was in Terjen's hands. The Court agrees with the bankruptcy court that the fact that property may be foreclosed upon abandonment is not a concern for the trustee in deciding whether to abandon worthless property. Section 554 is designed to protect creditors and the estate, not the debtor. Accordingly, the decision of the bankruptcy court is AFFIRMED.

The Clerk is DIRECTED to send copies of this Order to counsel for the Debtor, Terjen, the trustee, and the bankruptcy court.