PER CURIAM:
 

 The tax court held that the Masons properly deducted from their 1967 gross income the losses of a Subchapter S corporation. 68 T.C. 163 (1977). We affirm.
 

 Dan E. Mason
 
 [1]
 
 formed a corporation, Arrow Equipment Sales (“Arrow”), from his solely owned business. Arrow made a valid election to be treated as an electing small business corporation under Subchapter S of the Internal Revenue Code, for the taxable year beginning January 1, 1967. On January 17, 1967, Arrow filed a voluntary petition in bankruptcy. The trustee sold some equipment for substantial losses and abandoned the remainder of the assets to creditors. The Arrow bankruptcy was closed on August 1, 1969.
 

 On November 30, 1967 Mason filed a voluntary petition for bankruptcy as an individual. All of Arrow’s stock was listed as property of the bankrupt estate. On No
 
 *1310
 
 vember 3, 1969, the trustee in the Mason bankruptcy filed and the bankruptcy court granted a petition for authorization to abandon the Arrow stock.
 

 Arrow had reported a $47,580 loss on its 1967 small business corporation federal income tax return, which Mason, as sole shareholder, had reported as a deduction on his 1967 individual federal income tax return. The Commissioner determined that Mason’s deduction was improper and assessed a deficiency against him. The tax court held that because the Arrow stock was abandoned by the trustee, Mason was deemed to be continuously the sole shareholder of Arrow stock and therefore was eligible to deduct the 1967 loss.
 

 Under Subchapter S, I.R.C. §§ 1371-1378, certain corporations with less than ten shareholders, who are either individuals or estates, may elect, with the unanimous consent of their shareholders, to be exempt from corporate income tax, thereby allowing profits or losses to pass through to the shareholders.
 

 Had the Mason trustee retained ownership of the Arrow stock, Arrow’s Sub-chapter S election would have terminated under I.R.C. § 1372(e).
 
 [2]
 
 However, the trustee did not retain ownership of the stock; the trustee, with the permission of the bankruptcy court, abandoned it. When the court grants a trustee’s petition to abandon property in a bankrupt’s estate, any title that was vested in the trustee is extinguished, and the title reverts to the bankrupt, nunc pro tunc.
 
 Brown
 
 v.
 
 O’Keefe,
 
 300 U.S. 598, 602, 57 S.Ct. 543, 546, 81 L.Ed. 827 (1937);
 
 Wallace v. Lawrence Warehouse Co.,
 
 338 F.2d 392, 394 n. 1 (9th Cir. 1964). The bankrupt “is treated as having owned it continuously.” 338 F.2d at 394 n. 1.
 

 We find no reason to reject the abandonment doctrine here. Under that doctrine Mason was the sole stockholder in 1967 and thus legitimately deducted Arrow’s loss in 1967.
 

 The decision of the tax court is AFFIRMED.
 

 [1]
 

 . Beverly R. Mason is a party to this action only because she filed a joint income tax return with her husband.
 

 [2]
 

 . We need not decide whether the estate in bankruptcy was an eligible Subchapter S shareholder,
 
 see
 
 Rev. Rul. 66-266, 1966-2 C.B. 356, because regardless whether it was or was not eligible, the trustee never consented to the Sub-chapter S election. In either case the election terminated. I.R.C. § 1372(e)(1), (3).