In re Gilbert M. BENTLEY, Jr.,
Charlotte A. Bentley, Debtors.

David A. ERICKSON,
Trustee, Appellant,

v.

UNITED STATES of America, IRS, Iowa Department of Revenue, Gilbert M. Bentley, Jr., and Charlotte A. Bentley, Appellees.

No. 89–1343.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 15, 1989.

Decided Oct. 9, 1990.

Lynne Wallin Hines, West Des Moines, Iowa, for appellant.

Gary D. Gray, Washington, D.C., for appellees.

Before WOLLMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and WEBB,* District Judge.

WOLLMAN, Circuit Judge.

David A. Erickson, the trustee in bankruptcy for Gilbert M. and Charlotte A. Bentley (debtors), appeals from the judgment of the district court,[1] which held the bankruptcy estate liable for tax on income from the sale of property of the estate and interest earned on the sale proceeds. We affirm.

## I. BACKGROUND

The stipulated facts reveal that in June 1983, Gilbert and Charlotte Bentley filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (11 U.S.C.) in the United States Bankruptcy Court for the Southern District of Iowa. David A. Erickson was appointed as trustee of the bankruptcy estate.

On their schedule of debts, the debtors listed the Commodity Credit Corporation (CCC) as having a security interest in their 1981 and 1982 corn crop, the property in issue here, in the amount of $50,317.43. On October 13, 1983, the United States, on behalf of the CCC, filed a proof of claim listing three loans secured by the corn crop.

The corn was sold, and the sale proceeds, $68,907.54, were turned over to the trustee for the benefit of the estate and all parties claiming a security interest in the corn crop. The trustee placed the sale proceeds into an interest earning account, where they remained for approximately 30 months, earning $12,571.00 in interest.

In June 1986, the trustee filed the "Trustee's Final Report, Account and Petition for Allowance, Distribution and Discharge" and tax returns for the taxable

---

* The Honorable Rodney S. Webb, United States District Judge for the District of North Dakota, sitting by designation.

1. The Honorable Donald E. O'Brien, Chief Judge, United States District Court for the Southern District of Iowa.

years ending June 30 of 1984, 1985, and 1986. The trustee concluded that the liens asserted by the CCC were valid and perfected and that the amount of these liens exceeded the value of the corn proceeds.

In July 1986, the bankruptcy court entered an order of abandonment with respect to the sale proceeds. In December 1986, the Internal Revenue Service issued a notice of deficiency indicating tax liability of $5,510.00 for the 1984 tax year, $329.00 for the 1985 tax year, and $315.00 for the 1986 tax year.

In March 1987, the trustee instituted an adversary proceeding in the bankruptcy court to determine the tax liability of the estate for the 1984–1986 tax years. The bankruptcy court held that the estate was not liable for the taxes. The government appealed to the district court, which reversed the decision of the bankruptcy court. The district court noted that the abandonment of the corn outright would not have resulted in any tax liability to the estate. It held, however, that the trustee's sale of the corn crop was a taxable event that gave rise to income that was property of the bankruptcy estate over which the trustee exercised dominion and control. The court held that the estate was clearly entitled to the income within the meaning of 26 U.S.C. § 1398(e)(1) and that therefore the estate, not the debtors, was liable for the taxes.

The district court entered judgment in favor of the government on the estate's liability for tax on the income, but remanded the case to the bankruptcy court for a determination of the amount of that liability. The district court also granted the trustee's motion to stay the proceedings pending the outcome of an appeal to this court.

## II. DISCUSSION

The Bankruptcy Code allows a trustee to abandon any property of the estate that "is burdensome to the estate or that is of inconsequential value or benefit to the estate." 11 U.S.C. § 554(a). Title to abandoned property reverts to the debtor as it was held previous to the filing of bankruptcy. *Mason v. C.I.R.*, 646 F.2d 1309, 1310 (9th Cir.1980). The trustee argues that section 554(a) therefore frees the estate of tax liability based upon the abandoned proceeds of the sale of the corn.

The Internal Revenue Code, 26 U.S.C. § 1398(e)(1), provides in part that the "gross income of the estate for each taxable year shall include the gross income of the debtor to which the estate is entitled under title 11 of the United States Code." Gross income is defined as "all income from whatever source derived." 26 U.S.C. § 61(a). Taxable income encompasses any realized increase in wealth over which the taxpayer has dominion and control. *Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 431, 75 S.Ct. 473, 476, 99 L.Ed. 483 (1955). A trustee has the authority to "use, sell or lease * * * property of the estate," 11 U.S.C. § 363(b)(1), and proceeds and profits from property of the estate are included in the bankruptcy estate, 11 U.S.C. § 541(a)(6).

The parties agree that the corn crop became property of the bankruptcy estate upon the filing of the debtors' bankruptcy petition. The bankruptcy estate succeeded to tax attributes that the property had in the hands of the debtor, and the estate became entitled to any unrealized gain to which the debtor would have been entitled upon commencement of the bankruptcy proceedings under sections 1398(g) and 1398(e)(1).

When the corn crop was sold, a taxable event occurred that triggered the recognition of gain and dictated the tax consequences. 26 U.S.C. § 1001(c). Proceeds and profits from the sale of the corn constituted property of the bankruptcy estate. 11 U.S.C. § 541(a)(6). Since the bankruptcy estate was entitled to income generated on the sale as well as the income arising from interest earned on the proceeds, the bankruptcy estate is liable for the tax on the gain from the sale of the corn crop in the taxable year in which it was realized and on interest earned on the sale proceeds in the respective taxable periods. Contrary to the trustee's argument that because the secured creditor's lien absorbed all of the

proceeds of the sale the trustee was not "entitled" to the income, we note that the Internal Revenue Code applies to the gain from the sale of property, not merely any excess proceeds. *See* 26 U.S.C. § 61(a)(3).

*Mason v. C.I.R.*, 646 F.2d 1309 (9th Cir. 1980), is not controlling here. In *Mason*, title to property abandoned by the trustee reverted to the bankrupt. The property itself, however, was abandoned, not the proceeds from the sale of the property. Thus, no taxable event occurred for which the bankruptcy estate could be held liable.

We hold that the sale of the corn was a taxable event for which the bankruptcy estate is liable. In reaching this conclusion, we note that a contrary holding would have the effect of burdening the debtor's fresh start under the bankruptcy law. *See, e.g., Bush v. Taylor,* 893 F.2d 962, 966 (8th Cir.1990).

The district court's judgment is affirmed.

WEBB, District Judge, dissenting.

I respectfully dissent.

A bankruptcy trustee is given the authority to use, sell or lease the property of the estate with the ultimate purpose of garnering the highest return on the dollar for the bankrupt's creditors. See 11 U.S.C. § 363(b)(1). The Bankruptcy Code specifically permits the trustee to abandon estate property that is determined to be of little benefit to the estate. See 11 U.S.C. § 554(b). The effect of abandonment is that property is viewed as having been continuously in the debtor's possession as if no bankruptcy had been filed. *Mason,* 646 F.2d 1309. The act of liquidating the grain was legally deemed to have been carried out by the debtor.

The Internal Revenue Code provides that, in terms of bankruptcy, the gross income of the estate includes the gross income of the debtor to which it is "entitled." See 26 U.S.C. § 1398(e)(1). The Internal Revenue Code also provides that when a taxable event occurs resulting in a gain or loss, that gain or loss must be recognized for tax purposes. See 26 U.S.C. § 1001. The trustee was not "entitled" to the proceeds when the order of abandon-

ment was issued. The effect of the abandonment was to revest the debtor with all interests in the property or proceeds. The taxable event (the corn sale) should be attributed to the debtor.

The majority opinion which approves separation of the debtor's revested property ownership from tax responsibility seems to me to be illogical. The estate has not received or retained any income of the property or proceeds which were abandoned. Attributing tax liability to the trustee is inconsistent with abandonment of property to the debtor. The property entitlement and the income taxability follow one another as consequentially related concepts.

I dissent from the panel opinion because it is my feeling that the tax law as written and applied ignores the bankruptcy concept of abandonment. Abandonment is a crucial estate management tool for the bankruptcy trustee. Income entitlement and consequential taxation dictated by the above statutes are general tax law principles which should yield to the specific bankruptcy law relating to abandonment. I believe the bankruptcy law revests the debtor with the income entitlement along with the property upon abandonment. Before general principles of tax law are applied to the specialized field of bankruptcy consideration should be given to the interplay of the various laws. It is my view that such consideration must originate in a legislative setting and not a judicial one.

I believe the debtor in this case should be responsible for any tax consequence of the disposition of property which was abandoned to him by the trustee.