930 F.2d 6
 67 A.F.T.R.2d 91-851, 91-1 USTC P 50,163,
Bankr. L. Rep. P 73,881
 In re Stanley N. OLSON and Margaret M. Olson, Debtors.
Edward F. SAMORE, Trustee, Appellee,
v.
Stanley N. OLSON, Margaret M. Olson, Winther, Stave &
Company, and Merlyn Winther, Appellants,
and
Internal Revenue Service and Iowa Department of Revenue and
Finance, Appellees.
 No. 90-2248.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 13, 1991.
Decided Feb. 25, 1991.
Publication Ordered March 25, 1991.
 
 Christopher A. Bjornstad, Cornwall & Avery, Spencer, Iowa, for appellants.
 Shirley D. Peterson, Asst. Atty. Gen., for Federal appellee.
 Gary R. Allen, Gary D. Gray, Patricia M. Bowman, Washington, D.C., for Tax Div. Dept. of Justice.
 Charles W. Larson, U.S. Atty., for appellee of counsel.
 George F. Madsen, Marks & Madsen, Sioux City, Iowa, for appellee-Samore.
 Thomas J. Miller, Atty. Gen. of Iowa, Gerald A. Kuehn, Asst. Atty. Gen., Harry M. Griger, Sp. Asst. Atty. Gen., for appellee Iowa Dept. of Revenue & Finance.
 James I. Shepard, Fresno, Cal., amicus curiae.
 Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Stanley N. and Margaret M. Olson, debtors in a chapter 7 bankruptcy case, and their accountants, Winther, Stave & Company, appeal a judgment of the district court,[1] affirming an order of the bankruptcy court,[2] which held that property abandoned by the trustee during the pendency of a bankruptcy case is not a sale or exchange of assets which gives rise to a tax liability chargeable to the bankruptcy estate. We affirm.
 
 
 2
 Stanley and Margaret Olson (debtors) owned two tracts of land subject to the mortgage of First Interstate Bank. After the commencement of foreclosure proceedings on the property, debtors filed chapter 7 bankruptcy. During the pendency of the bankruptcy case, the chapter 7 trustee, Edward F. Samore, filed a notice of abandonment of the two tracts of land, and no objections to the abandonment were filed. The land was thereafter abandoned and the bank sold the land under foreclosure proceedings.
 
 
 3
 After the sale, debtors hired accountants Winther, Stave & Company to file federal and state income tax returns on behalf of the bankruptcy estate. The returns were filed in the name of the bankruptcy estate and reported a gain realized from the sale of debtors' two tracts of land as a liability of the estate. Debtors reported on the tax returns that the gain was realized by the bankruptcy estate upon the abandonment of the land by the trustee. The trustee did not authorize debtors to prepare and file the tax returns.
 
 
 4
 Based on the tax returns, the Internal Revenue Service filed a claim in the bankruptcy case against the estate for tax liability, interest and penalties of $34,401. Similarly, the Iowa Department of Revenue filed a claim against the estate for $10,120.72. The trustee initiated an adversary proceeding against the debtors, the IRS, and the Iowa Department of Revenue seeking a determination that the estate was not liable for the tax. The IRS withdrew its claim against the estate, and the Iowa Department of Revenue filed an answer stating that it no longer sought payment from the estate. The debtors, however, claimed that the estate was nevertheless liable for tax.
 
 
 5
 On the trustee's underlying complaint, the bankruptcy court held that abandonment of property by the trustee is not a sale or exchange of assets under either the tax code, I.R.C. Sec. 1398(f)(2) (1986), or under the bankruptcy code, 11 U.S.C. Sec. 346(g)(1)(B) (1978). Therefore, the trustee's abandonment is not a taxable event which triggers a tax liability of the estate. Samore v. Olson (In re Olson), 100 B.R. 458, 463 (Bankr.N.D.Ia.1989). Upon abandonment, property ceases to be property of the estate and title reverts to the debtor. Id. at 462. See Erickson v. United States (In re Bentley), 916 F.2d 431, 432 (8th Cir.1990). Therefore, sale of the land after it was abandoned by the trustee did not give rise to a tax liability of the bankruptcy estate. On appeal, the district court affirmed, holding that "abandonment of bankruptcy estate property by the trustee is not a sale or exchange which triggers tax liability chargeable to the estate." Samore v. Olson (In re Olson), 121 B.R. 346, 349 (N.D.Ia.1990).
 
 
 6
 We conclude that the judgment of the district court should be affirmed. First, we agree with the bankruptcy and district courts that abandonment of property of the estate is not a sale or exchange, and thus is not a taxable event which gives rise to a tax liability of the estate. No sale or exchange occurs when the trustee abandons property. Although the trustee is relieved from administering a valueless or unprofitable asset when that asset is abandoned, this benefit is not the kind of benefit required for a sale or exchange under the tax code. See In re McGowan, 95 B.R. 104, 108 (Bankr.N.D.Ia.1988). Furthermore, the bankruptcy estate does not incur a tax liability when property is abandoned by operation of law at the close of the bankruptcy case. See I.R.C. Sec. 1398(f)(2) (1986). We, like the bankruptcy and district courts, can see no reason why abandonment during the administration of the case should have a different effect.
 
 
 7
 Second, we stated in In re Bentley, 916 F.2d at 432-33, that an abandonment of property by the trustee is not a taxable event for which the bankruptcy estate is liable. In re Bentley involved a separate but related issue of the bankruptcy estate's liability for tax on gain from the sale of non-abandoned property of the estate. We held in In re Bentley that the sale of an asset of the bankruptcy estate is a taxable event which triggers a tax liability chargeable to the estate. Id. Because property of the debtor becomes property of the estate upon filing chapter 7 bankruptcy, the estate is entitled to any unrealized gain from a sale of estate property, and the estate succeeds to any tax attributes of the property. Id. at 432. However, as we stated in In re Bentley, title to property abandoned by the trustee reverts to the debtor, and a subsequent sale of abandoned property is not a taxable event for which the bankruptcy estate can be held liable. Id. at 433 (citing Mason v. Commissioner, 646 F.2d 1309, 1310 (9th Cir.1980)).
 
 
 8
 In this case, the sale of debtors' land occurred after the trustee abandoned the land. The abandonment was not a taxable event which triggered a tax liability of the estate. Furthermore, the land was no longer property of the estate at the time of its sale, and the sale did not trigger any tax liability chargeable to the estate.
 
 
 9
 We have examined all arguments advanced by the parties and, based on the reasons set forth, we conclude that they lack merit. Therefore, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Donald E. O'Brien, Chief United States District Court Judge for the Northern District of Iowa
 
 
 [2]
 The Honorable William L. Edmonds, United States Bankruptcy Judge for the Northern District of Iowa