In the Matter of William POPP, Debtor.

Bankruptcy No. BK93–80666.

United States Bankruptcy Court,
D. Nebraska.

Sept. 1, 1993.

Allen L. Fugate, North Platte, NE, for debtor.

Wayne Griffin, North Platte, NE, for Gering State Bank.

Henry Carriger, Omaha, NE, for I.R.S.

Philip Kelly, Trustee.

## MEMORANDUM

TIMOTHY J. MAHONEY, Chief Judge.

Hearing was held on August 12, 1993, on Notice of Intent to Abandon filed by Philip Kelly, Trustee. Appearing on behalf of Debtor was Allen L. Fugate of North Platte, Nebraska. Appearing on behalf of IRS was Henry Carriger. Appearing on behalf of Gering State Bank was Wayne Griffin of North Platte, Nebraska. Philip Kelly appeared as Trustee. This memorandum contains findings of fact and conclusions of law required by Fed.Bankr.R. 7052 and Fed.R.Civ.P. 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A).

### Background

William F. Popp filed this Chapter 7 Bankruptcy proceeding on April 23, 1993. The bankruptcy filing stayed a pending prepetition replevin action initiated by secured creditor Gering State Bank (Bank) against the Debtor Popp in the Scotts Bluff County District Court to recover farm equipment and machinery. After the first Meeting of the Creditors was held on June 18, 1993, the Trustee, Philip Kelly, filed a *Report of No Distribution and Notice of Intended Abandonment* on June 25, 1993. The Debtor Popp objected to the Trustee's Notice and a telephonic hearing was held.

The Trustee is requesting permission from the court to abandon the farm equipment and machinery to the Debtor. The Bank claims a security interest in the machinery and equipment. The parties believe the value of the property is $54,275.00. The Debtor Popp has resisted the Notice on the ground that his tax basis in the equipment and machinery is zero. If the machinery and equipment is abandoned to the Debtor, the Debtor believes that Bank will continue its replevin action and force a sale of it. The Debtor asserts that the sale of the property will result in approximately $18,552.00 in taxes owed by the Debtor if the abandonment to the Debtor from the Trustee is a non-taxable event and the sale by the Bank is a taxable event to the Debtor.

### Issues

The issues presented to the Court include whether the abandonment to the Debtor is a taxable event and whether the Trustee may abandon to the Bank rather than to the Debtor. The Debtor believes an abandonment to the Bank will relieve him of tax obligations resulting from such abandonment and later sale.

### Decision

The Trustee's abandonment to the Debtor is a non-taxable event. The Trustee must abandon to the Debtor.

### Discussion

(1) The Trustee's abandonment of the farm equipment and machinery to the debtor is a non-taxable event.

 Section 554(a) of the Bankruptcy Code permits the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate. 11 U.S.C. § 554(a) (1992). Abandonment by the Trustee because of resulting tax liabilities to the estate is permissible because the Trustee must administer the estate in the "best interests of the estate." *In re Wilson*, 94 B.R. 886, 889 (Bankr.E.D.Va.1989). Abandonment of estate assets is permitted to provide for the orderly and efficient reduction of the debtor's debts, and because § 554(a) is not designed to benefit the debtor, Chapter 7 debtors are not entitled to relief from post-disposition debts, such as tax liabilities resulting from the sale of abandoned assets. *Samore v. Olson (In re Olson)*, 121 B.R. 346, 348 (N.D.Iowa 1990) (holding that debtor's "fresh start" does not entitle the debtor to relief

from all debts), *aff'd*, 930 F.2d 6 (8th Cir. 1991); *In re Nevin*, 135 B.R. 652, 654 (Bankr.D.Haw.1991) (quoting *Olson*, 121 B.R. at 348).

█ The Bankruptcy Code and the Internal Revenue Code support the conclusion that abandonment to the debtor is not a taxable event. First, § 346(g)(1)(B) of the Bankruptcy Code states that "Neither gain nor loss shall be recognized on a transfer other than a sale, of property from the estate to the debtor." 11 U.S.C. § 346(g)(1)(B) (1992). Section 1398(f)(2) of the Internal Revenue Code states:

> In the case of termination of the estate, a transfer (other than by sale or exchange) of an asset from the estate to the debtor shall not be treated as a disposition for purposes of any provision of this title assigning tax consequences to a disposition. The debtor shall be treated as the estate would be treated with respect to such an asset.

26 U.S.C. § 1398(f)(2) (1992). Since the Internal Revenue Code is controlling, *see* 11 U.S.C. § 346(a) (1992) (stating that § 346(g) is subject to the Internal Revenue Code), courts have resolved the issue of whether the estate is liable for taxes resulting from the abandonment of estate property by determining whether abandonment is a "sale or exchange" under § 1328(f)(2).

The rule in the Eighth Circuit is that abandonment of the property is not a sale or exchange and an abandonment is not a taxable event which gives rise to a tax liability of the estate. *Samore v. Olson (In re Olson)*, 930 F.2d 6, 8 (8th Cir.1991). The court stated that "Although the trustee is relieved from administering a valueless or unprofitable asset when that asset is abandoned, this benefit is not the kind of benefit required for a sale or exchange under the tax code." *Id.*

The *Olson* case followed the analysis present in *In re McGowan*, 95 B.R. 104 (Bankr. N.D.Iowa 1988). *McGowan* held that 11 U.S.C. § 101[ (58) ] of the Bankruptcy Code defined "transfer" broad enough to cover the abandonment of an asset by the trustee. 95 B.R. at 107. In addition, *McGowan* concluded that "termination of the estate" in the bankruptcy context included abandonment under § 554(a). *Id.* Therefore, the Trustee may abandon the farm equipment and machinery to the Debtor Mr. Popp, and the transfer is a non-taxable event to the estate because the benefit that the estate receives is not the type contemplated by the Internal Revenue Code for the purposes of recognition of gain. *Olson*, 930 F.2d at 8.

(2) Debtor will have title to the property after the Trustee abandons the property.

█ Upon the filing of the petition in bankruptcy, an estate was created which is administered by the Trustee. The Bankruptcy Code does not vest title to estate property in the Trustee, but it does give the Trustee the right to administer the property for the benefit of creditors.

After the abandonment of the property by the Trustee, the Debtor will have not only title in the property but will have all other rights to the property subject only to lien rights of others. A subsequent disposition of abandoned property such as a sale pursuant to a replevin action is a taxable event to the debtor, not the estate. *Olson*, 930 F.2d at 8; *Erickson v. United States (In re Bentley)*, 916 F.2d 431, 432–33 (8th Cir.1990) (holding that abandonment of the proceeds of a sale of estate property was taxable to the estate, but that abandonment of the underlying asset before the sale was non-taxable to the estate). The Internal Revenue Code states that after an abandonment "The debtor shall be treated as the estate would be treated with respect to such an asset." 26 U.S.C. § 1398(f)(2) (1992). If the debtor is treated as having never lost title, Mr. Popp will be subject to the benefits and liabilities of ownership because Mr. Popp's "title stands as if no assignment had been made." *Brown v. O'Keefe*, 300 U.S. 598, 602, 57 S.Ct. 543, 546, 81 L.Ed. 827 (1937) (holding under the Bankruptcy Act of 1898 that abandonment by the trustee revested title of the property in the debtor as if the estate never held the title, and the debtor was not relieved of the resulting liabilities of ownership).

(3) The Trustee may only abandon to the Debtor because the Debtor has a possessory interest in the assets that is superior to all third parties.

■ At the time of the Bankruptcy filing, the Bank had a pending, but stayed, state prepetition action to replevin the farm equipment and machinery. According to the Statement of Financial Affairs filed by the Debtor, the Bank was not in possession of the assets at the time the Debtor filed bankruptcy (filing no. 1, paragraphs 4(b), 5; see also filing no. 9, paragraph 2). Because the Bank is a secured creditor, the Debtor, as an alternative to the Trustee's notice of abandonment, would like the court to order the Trustee to abandon the property to the Bank in hopes that either the estate or the Bank will be charged with any resulting tax liability.

Section 554(b) of the Bankruptcy Code states that "On request of a party in interest . . . the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(b) (1992). The legislative history of § 554 states that "Abandonment may be to any party with a possessory interest in the property abandoned." H.R.Rep. No. 595, 95th Cong., 1st Sess. 377 (1977); S.Rep. No. 989, 95th Cong.2d Sess. 92 (1978) U.S. Code Cong. & Admin.News 1978, pp. 5787, 5878, 6333. A "possessory interest" is defined as a "right to exert control over specific land to the exclusion of others" or a "[r]ight to possess property." Black's Law Dictionary 1049 (5th ed. 1979).

■ Courts have interpreted the legislative history and § 554(b) to mean that abandonment should be to the party with the superior possessory interest. In re Perry, 29 B.R. 787, 793 (D.Md.1983); In re Cruseturner, 8 B.R. 581, 591 (Bankr.D.Utah 1981). The party with the superior possessory rights should be the recipient of the abandoned asset because of the principle rule that the Supreme Court first presented in O'Keefe when analyzing the rights of the parties under the Bankruptcy Act of 1898. Once the trustee abandons property of the estate, the property is treated as though no bankruptcy had been filed, and interest in the property reverts back to the party that held such interest prepetition. O'Keefe, 300 U.S. at 602, 57 S.Ct. at 546; Wallace v. Lawrence

Warehouse Company, 338 F.2d 392, 394 n. 1 (9th Cir.1964). Thus, the party who has the right to possession at the filing of the bankruptcy will reassume the same status when the asset is abandoned. Cruseturner, 8 B.R. at 591. "Normally this party is the debtor, but it is conceivable that a creditor may be entitled to possession instead if, by the exercise of its contractual or other rights, it held a possessory interest prior to the filing of the bankruptcy." Id.

A few courts have found instances where the creditor is the superior party in possession. For example, In re A.J. Lane & Co., Inc., 133 B.R. 264, 269 (Bankr.D.Mass.1991), determined that a secured creditor held a superior possessory interest because the creditor had already been granted relief from the automatic stay and was free to foreclose upon its mortgage. See also GMAC v. Bell, 700 F.2d 1053, 1057 (6th Cir.1983) (holding that default-upon-filing clause was enforceable upon abandonment of secured collateral by trustee).

However, in this case, the Bank has not gone far enough into its replevin action to give it a superior possessory interest over the Debtor's interest. See Neb.Rev.Stat. Uniform Commercial Code § 9–501, comment 2. (1992) (stating that nonpossessory security interests are not indistinguishable from possessory security interests until after default and the taking of possession). In re Service, 155 B.R. 512, 515 (Bankr.E.D.Mo. 1993), held the debtors could not propose to abandon property to the secured party because the secured party was not in possession of the property prepetition. Because possession and other rights to the property revert back to the party with the superior interest before the filing, the Debtor will take all rights to the property as if he had not filed bankruptcy. Ohio v. Kovacs, 469 U.S. 274, 284 n. 12, 105 S.Ct. 705, 711 n. 12, 83 L.Ed.2d 649 (1985); Samore v. Olson (In re Olson), 930 F.2d 6 (8th Cir.1991); In re Bentley, 916 F.2d 431 (8th Cir.1990); Mason v. Commissioner of Internal Revenue, 646 F.2d 1309 (9th Cir.1980); In re Jandous Elec. Constr. Corp., 96 B.R. 462, 466 (Bankr. S.D.N.Y.1989); In re Dewsnup, 87 B.R. 676, 681 (Bankr.D.Utah 1988); In re Perry, 29

B.R. 787, 793 (D.Md.1983); *In re Cruseturner*, 8 B.R. 581, 591 (Bankr.D.Utah 1981).

The Bank did not have possession of the assets at the filing date and, therefore, the Trustee may not abandon to the Bank and must abandon to the Debtor. The Debtor will retain title and all other benefits and detriments concerning the equipment that is abandoned by the Trustee.

### Conclusion

The Trustee's motion to abandon machinery and equipment to Debtor is granted.

Separate journal entry to be entered.