30 F.3d 131
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: Judith Boyd TERJEN, a/k/a Judith Clark Boyd, Debtor.
Judith Boyd TERJEN, Plaintiff-Appellant,
v.
Frank J. SANTORO, Defendant-Appellee,
and
Debera Frick Conlon, Defendant.
 No. 93-1779.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 21, 1994.
Decided Aug. 5, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., Senior District Judge. (CA-92-695-2, BK-89-22710-B).
 Harry W. Jernigan III, Harry W. Jernigan, P.C., Virginia Beach, VA, for appellant.
 Frank J. Santoro, Jane B. Wrightson, Marcus, Santoro & Kozak, Portsmouth, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Judith Boyd Terjen appeals from the district court's order affirming the bankruptcy court's order overruling her objections to the Trustee's Final Report and Account before Distribution. At issue are the tax consequences of the Trustee's abandonment of real property pursuant to 11 U.S.C. Sec. 554 (1988). Terjen filed a petition for relief under Chapter 11 of the Bankruptcy Code in July 1989. In December 1989, her case was converted to a Chapter 7 liquidation. Frank Santoro was appointed Trustee the following month. At the meeting of creditors (11 U.S.C. Sec. 341 (1988)) which took place on February 21, 1990, the Trustee abandoned the estate's interest in Terjen's residence pursuant to 11 U.S.C. Sec. 554 (1988).
 
 
 2
 Thereafter, in March 1990, the property was sold by Terjen. The sale produced a taxable gain of approximately $243,000. In March 1992, the Trustee filed the Final Report and Account before Distribution. Terjen objected to the Report, contending that the estate should be liable for the tax liability arising from the sale (approximately $80,000). After a hearing, the bankruptcy court overruled Terjen's objection and determined that she, rather than the estate, was liable for any such tax liability. From the district court's order affirming the bankruptcy court's ruling, Terjen appeals.
 
 
 3
 We agree with the bankruptcy court's and the district court's conclusion that Terjen is responsible for the tax consequences of the sale. First, title to abandoned property reverts to the debtor as it was held previous to the filing of bankruptcy. In re Bentley, 916 F.2d 431, 432 (8th Cir.1990); Mason v. Commissioner, 646 F.2d 1309 (9th Cir.1980); see also Ohio v. Kovacs, 469 U.S. 274, 284 n. 12 (1985) (property abandoned by the trustee pursuant to Sec. 554 is abandoned to the person having possessory interest in the property). Therefore, the property was abandoned to Terjen. Second, an abandonment such as occurred in this case is not a taxable event under I.R.C. Sec. 1398(f) (1988). In re Olson, 930 F.2d 6, 8 (8th Cir.1991).
 
 
 4
 Terjen does not claim that she was unaware of the Trustee's abandonment of the property. In fact, her personal involvement with the sale of the property suggests that she knew that the Trustee had abandoned the property to her but did not object. Because Terjen failed to raise any claim in the bankruptcy court with respect to the propriety of the abandonment itself, we find any such claims waived. See Singleton v. Wulff, 428 U.S. 106, 120 (1976). Therefore, we affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.