69 F.3d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Brian Thomas DELANEY, Debtor.
Danielle ALEXANDER, Creditor-Appellant,
v.
Brian Thomas DELANEY, Debtor-Appellee,
Richard E. Bleau, United States Trustee, Trustees-Appellees.
 No. 94-15436.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 20, 1995.
Decided Nov. 2, 1995.
 
 Before: SNEED, PREGERSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Danielle Alexander, a creditor in bankruptcy proceedings, appeals the district court's final order affirming the bankruptcy court's denial of her motion to remove the trustee or in the alternative to require the trustee to file litigation. We affirm the district court's order.
 
 I.
 FACTS & PROCEEDINGS BELOW
 A. The Accident & Settlement
 
 3
 Brian Thomas Delaney, the Debtor in bankruptcy, was involved in an automobile accident in which his passenger, Danielle Alexander, suffered serious permanent injury. Alexander, through her parents as guardians ad litem, sued Delaney and his parents for damages in state court. Both Delaney and his parents were represented by the law firm Bolling, Walter & Gawthrop ("BWG"). After mediation and advice from outside counsel, Delaney agreed to a stipulated judgment for $1,400,000.00 as well as the payment of $100,000.00 by the Debtor's insurer, California State Automobile Association ("CSAA"), to Alexander. Judgment was entered on July 17, 1991, and Delaney's parents were dismissed with prejudice from the state court action.
 
 B. Allegation of Malpractice
 
 4
 After entry of the state court judgment, Alexander's attorney accused BWG of malpractice. The substance of this claim was that BWG failed to provide Alexander with verifiable asset information on Delaney and his parents, which left Alexander with no alternative but to proceed to judgment so that a formal post-judgment examination of the Debtor's assets could occur. Had the requested asset information been provided, the attorney asserts, the state court judgment and the bankruptcy proceedings could have been avoided.
 
 
 5
 C. The Bankruptcy & Investigation of the Claims
 
 
 6
 Delaney, now represented by an attorney retained by CSAA, filed a Chapter 7 bankruptcy on July 23, 1991, only six days after entry of the state court judgment. Although the Debtor Delaney listed the malpractice claim against BWG as an asset in his bankruptcy schedules, its value was fixed at zero. In subsequent pleadings, this claim was expanded to include a potential bad faith action against CSAA for putting its interest before that of the Debtor.
 
 
 7
 Initially, the Chapter 7 trustee expressed an interest in pursuing the claims. Although the trustee attempted to investigate the claims, Delaney refused to waive his attorney-client privilege, and obtained a protective order from the bankruptcy court preserving his rights to assert the attorney-client privilege and to not reveal his communications with BWG.
 
 
 8
 The trustee then sought permission from the bankruptcy court to retain counsel to prosecute the claims against BWG and CSAA. However, the request was denied because the motion failed to comply with 18 U.S.C. Sec. 2014. The trustee enlisted two lawyers to evaluate the claims against CSAA and BWG, who advised him that the claims lacked merit and did not warrant further investigation or prosecution. Thereafter, the trustee took no further action on the claims.
 
 
 9
 D. Bankruptcy and District Court Dispositions
 
 
 10
 In response to this inaction, Alexander moved the bankruptcy court for an order removing the trustee or in the alternative requiring the trustee to file litigation. Delaney filed a countermotion requesting that the claim be abandoned pursuant to 11 U.S.C. Sec. 554. The bankruptcy court denied Alexander's motion and ordered the alleged claims abandoned by the Debtor's estate. Alexander's appeal of the abandonment order to the district court was dismissed as untimely and the dismissal was affirmed by this court on July 15, 1994. See Delaney v. Alexander, 29 F.3d 516, 518 (9th Cir.1994). Alexander appealed to the district court the order of the bankruptcy court denying the motion to remove the trustee or to require the trustee to file litigation; the district court affirmed the order. Alexander now appeals in a timely manner to this court.
 
 II.
 DISCUSSION
 
 11
 We review the district court's conclusions of law de novo. In re Professional Inv. Properties of America, 955 F.2d 623, 626 (9th Cir.), cert. denied, 113 S.Ct. 63 (1992). Findings of fact are reviewed under the clearly erroneous standard. Id.
 
 
 12
 Alexander contends that because the alleged claims were the only significant asset of the Debtor's estate, and because an attorney was willing to litigate the claims on a contingency fee basis at no initial cost to the estate, the trustee should not have considered such litigation burdensome or without merit. Therefore, Alexander asserts that the abandonment of the claims was arbitrary and capricious, providing "cause" for the trustee's removal or requiring that the trustee litigate the claims.
 
 
 13
 Alexander confronts a fatal obstacle. The alleged claims were abandoned by the Debtor's estate, and Alexander's right to appeal the abandonment order was foreclosed by our decision in Delaney v. Alexander, 29 F.3d 516 (9th Cir.1994). The issue of abandonment is foreclosed by res judicata. The supposed asset has been abandoned. See In re Reed, 178 B.R. 817, 821 (Bankr.D.Ariz.1995) (once asset is abandoned, title revests in debtor) (citing Mason v. Commissioner, 646 F.2d 1309, 1310 (9th Cir.1980)).
 
 
 14
 Moreover, Alexander has failed to show cause requiring the trustee's removal. A party seeking a trustee's removal must prove the existence of some actual injury or fraud. See In re Lundborg, 110 B.R. 106, 108 (Bankr.D.Conn.1990). The trustee has complete authority and discretion regarding litigation in the debtor's estate and may abandon claims determined to have no real value. In re Reed, 178 B.R. at 821-22. Here, Delaney asserted his attorney-client privilege and refused to cooperate with the trustee's investigation. Thereafter, two independent attorneys advised the trustee that the claims were without merit. Under these circumstances, the trustee's refusal to pursue the claims was appropriate.
 
 III.
 CONCLUSION
 
 15
 Alexander's effort to compel the trustee to file litigation, or to replace him with someone who will do so, must fail. The underlying claims are no longer a part of the Debtor's estate. They were abandoned. To repeat, Alexander's appeal rights with respect to the abandonment order ended in Delaney v. Alexander, 29 F.3d 516 (9th Cir.1994). Removal of the trustee would serve no useful purpose. We affirm the judgment of the district court.
 
 
 16
 No party to recover costs on appeal.
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3