PER CURIAM:
 

 Eliezer Miller appeals from Judge Kor-man’s affirming of a bankruptcy court order denying appellant’s motion to abandon an asset of the debtor to him pursuant to 11 U.S.C. § 554(b). We hold it was not an abuse of discretion to deny appellant’s motion on the ground that he lacks a posses-sory interest in the asset, a civil claim arising under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and various common law claims (collectively, “the RICO claim” or just “the claim”). We also affirm the bankruptcy court’s order that the RICO claim not revest in the debtor upon the close of the bankrupt estate.
 

 BACKGROUND
 

 This appeal arises out of nearly fourteen years of bankruptcy proceedings involving appellant and the debtor, Interpictures Inc.
 
 See Miller v. Generale Bank Nederland, N.V. (In re Interpictures Inc.),
 
 No. 99-5055, 2000 WL 232149, at *1 (2d Cir. Feb.3, 2000) (unpublished table decision) (providing a procedural history). We summarize here only that portion of the procedural history relevant to our disposition.
 

 Appellant is a creditor of Interpictures and also claims to own a majority of its shares. In November 1986, creditors commenced an involuntary Chapter 7 bankruptcy proceeding against Interpictures and its wholly owned subsidiaries, which Interpictures quickly converted into a voluntary bankruptcy under Chapter 11. In September 1987, based on appellant’s allegations of fraud in the conduct of the debtor’s estate, the bankruptcy court appointed an operating trustee. Alleging that the fraud continued even after the trustee’s appointment, appellant filed a lawsuit in December 1987 on behalf of the debtor asserting common law fraud and RICO claims against former principals of the debtor, the former trustee, the predecessor to creditor-appellee Generate Bank, Nederland, N.V. (the “Bank”) and several other creditors, and counsel to the trustee and Bank. Appellant’s action was dismissed on the grounds that: (i) appellant, as an alleged holder of stock in the debtor, lacked standing to bring a derivative lawsuit on the debtor’s behalf; and (ii) the RICO claim had not been abandoned to appellant pursuant to 11 U.S.C. § 554, and, absent abandonment, only the trustee could bring it on the debtor’s behalf.
 

 The instant motion is the most recent in a series of appellant’s unsuccessful attempts to have the RICO claim abandoned to him. The bankruptcy court denied the motion and ordered that the RICO claim not revest in the debtor at the close of the bankrupt estate, and the district court affirmed the bankruptcy court’s order. We remanded the matter to the district court for a more complete statement of its reasons for denying abandonment of the claim to appellant because we were “unable to determine on what ground or grounds the courts below denied [appellant’s] motion.”
 
 Miller,
 
 2000 WL 232149, at *1.
 

 On remand, the district court gave alternative reasons for denying abandonment of the RICO claim to appellant: (i) appellant impermissibly sought to have the claim abandoned to him to prosecute in his personal capacity, not to prosecute on behalf of the bankrupt estate; and (ii) appellant lacks a possessory interest in the claim. Appellant thereafter restored jurisdiction in this court pursuant to our remand order and the procedures described in
 
 United States v. Jacobson,
 
 15 F.3d 19, 21-22 (2d Cir.1994).
 

 DISCUSSION
 

 Section 554(b) of the Bankruptcy Code provides, in pertinent part, as follows:
 

 
 *76
 
 On request of a party in interest ..., the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
 

 11 U.S.C. § 554(b). The parties agree that, for purposes of Section 554(b), the RICO claim is “of inconsequential value and benefit to the” debtor,
 
 id. See In re Interpictures, Inc.,
 
 168 B.R. 526, 536 (Bankr.E.D.N.Y.1994) (finding that RICO claim “has no value”). The predicate facts for abandonment having been established, the issue is whether the district court abused its discretion in denying appellant’s motion to have the claim abandoned to him.
 
 See Johnston v. Webster (In re Johnston),
 
 49 F.3d 538, 540 (9th Cir.1995) (“Once a bankruptcy court has determined that the factual predicates for abandonment ... are present, the court’s decision to authorize or deny abandonment is reviewed for abuse of discretion.”).
 

 Section 554(b) gives the district court discretion to order abandonment of a debt- or’s worthless or burdensome property, but does not specify to whom such property may be abandoned.
 
 See
 
 11 U.S.C. § 554(b). Several courts, citing the legislative history to Section 554(b), have held that property, should be abandoned only to a holder of a possessory interest in it.
 
 See, e.g., In re Pilz Compact Disc, Inc.,
 
 229 B.R. 630, 642 (Bankr.E.D.Pa.1999) (“[A]bandonment must be to an entity with a possessory interest in the property.”);
 
 In re Popp,
 
 166 B.R. 697, 700 (Bankr.D.Neb.1993) (“Abandonment may be to any party with a possessory interest in the property abandoned.” (quoting S.Rep. No. 95-989, at 92 (1978),
 
 reprinted in
 
 1978 U.S.C.C.A.N. 5787, 5878));
 
 see also
 
 5
 
 Collier on Bankruptcy
 
 ¶ 554.02[3], at 554-5 (Lawrence P. King ed., 15th ed. 1999) (“Although section 554 does not specify to whom property is abandoned, property may be abandoned by the trustee to any party with a possessory interest in it.”). The rationale for this rule is that once the debtor’s property is abandoned in bankruptcy, the property should be treated as though no bankruptcy proceedings had occurred and therefore revert to the party that held a pre-petition interest in it.
 
 See In re Popp,
 
 166 B.R. at 700;
 
 see also Dewsnup v. Timm (In re Dewsnup),
 
 908 F.2d 588, 590 (10th Cir.1990) (“Following abandonment, whoever had the possessory right to the property at the filing of bankruptcy again reacquires that right.” (citation and internal quotation marks omitted)), aff
 
 'd,
 
 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992).
 

 We need not, and do not, decide whether property should be abandoned only to a holder of a possessory interest. It is enough to dispose of this appeal that, in our judgment, the district court did not abuse its discretion in relying on this rationale as a ground for denying abandonment of the RICO claim to appellant. The derivative RICO claim belongs to the debt- or’s estate. Appellant’s status as a creditor to the debtor does not give him either standing to prosecute or a possessory interest in this claim.
 
 See Manson v. Stacescu,
 
 11 F.3d 1127, 1130-31 (2d Cir.1993) (holding that creditors of bankrupt estate lack standing to bring RICO claim alleging indirect injury as result of direct injury to estate). And, even if we assume that appellant is a majority shareholder of the debtor and that he is seeking to prosecute the RICO claim on the debtor’s behalf, he still cannot be said to have a possessory interest in the claim.
 
 See Rand v. Anaconda-Ericsson, Inc.,
 
 794 F.2d 843, 849 (2d Cir.1986) (“The [derivative] RICO action ... is a corporate asset, and shareholders cannot bring it in their own names.... ”). Finally, appellant’s conduct in these proceedings has led to understandable concern that he might use this claim more as a means of harassment than of obtaining justified relief.
 
 See In re Interpictures, Inc.,
 
 No. 886-11827, slip op. at 3-4 (Bankr.E.D.N.Y. Jan. 29, 1999). Whether such a concern, would be relevant to a determination of an abandonment motion by a party with a possessory interest
 
 *77
 
 in such a claim is something we need not decide. However, it certainly weighs against abandonment to someone without such an interest who could not bring such a claim without a bankruptcy court order abandoning it to him. Accordingly, we affirm the order denying abandonment of the RICO claim to appellant.
 

 We also affirm the order that the RICO claim not revest in the debtor at the close of the bankrupt estate. As noted, the bankruptcy court exercised its discretion pursuant to Section 554(c) of the Bankruptcy Code and ordered that the RICO claim not revest in the debtor upon the closing of the estate, as it would in the ordinary course.
 
 See
 
 11 U.S.C. § 554(c) (“Unless the court orders otherwise, any property ... not otherwise administered at the time of the closing of a case is-abandoned to the debtor_”) Appellant has not challenged this order in either his appeal briefs or the submissions he filed with this court after supplementation of the record on remand. Appellant has therefore forfeited any objection to it.
 
 See Rodriguez ex rel. Rodriguez v. DeBuono,
 
 175 F.3d 227, 230 n. 1 (2d Cir.1999) (deeming issues not argued in appellant’s brief waived).
 

 Finally, the history of appellant’s extensive motion practice concerning the RICO claim renders it necessary for us to underscore that his quest to have that claim abandoned to him has been fully and finally adjudicated. Under our ruling, appellant is not entitled to prosecute the claim and may not seek to do so — on his behalf, on the debtor’s behalf, or in any other capacity. Nor may the debtor, upon emerging from the bankruptcy, assert this claim in light of our affirmance of the order that the RICO claim not revest in the debtor. Any motion, lawsuit, or other proceeding seeking to circumvent these rulings may be subject to sanctions.
 

 CONCLUSION
 

 We therefore affirm the orders denying abandonment of the RICO claim to appellant and holding that the RICO claim not revest in the debtor at the close of the bankrupt estate.