SUMMARY ORDER
Ortansa Michaelesco (“Michaelesco”) appeals from the February 28, 2006 judgment entered in the district court, dismissing as moot her appeal from the Bankruptcy Court’s order granting Barbara H. Katz, Chapter 7 Trustee, leave to abandon Michaelesco’s adversary proceeding as an asset of the bankruptcy estate pursuant to 11 U.S.C. § 554(a). We presume the parties’ familiarity with the factual and procedural history of the case and the issues presented on appeal.
Michaelesco contends that Katz was not a properly appointed trustee and lacked standing in Michaelesco’s litigation, and that the abandonment of the litigation deprived her of property without due process. We reject the appellant’s contentions for the following reasons. As an initial matter, there is no indication in the record that Katz was not a properly appointed trustee, and Michaelesco has not proffered any contrary proof to support her argument. Therefore, as a properly appointed trustee, Katz had the capacity to sue and be sued, see 11 U.S.C. § 323(b), and was entitled to abandon the litigation as an asset if she determined that it was either burdensome to the estate or of inconsequential value and benefit to the estate, see 11 U.S.C. § 554(a). Moreover, because the litigation reverted to Michaelesco after the Trustee abandoned the litigation and her rights to the litigation are treated as if no bankruptcy petition had been filed, cf. In re Interpictures Inc., 217 F.3d 74, 76 (2d Cir.2000), she was not denied property without due process. She simply failed to pursue the litigation as she was entitled to do. Accordingly, as there was no additional relief available for the district court to grant Michaelesco, the ‘case or controversy’ requirement for appeal was eliminated, and the district court properly dismissed the appeal as moot. See In re Chateaugay Corp., 10 F.3d 944, 949 (2d Cir.1993).
Finally, to the extent that Michaelesco challenges the Bankruptcy Court’s jurisdiction to enter the order granting Katz leave to abandon the litigation, that claim fails because the district court withdrew the reference to the Bankruptcy Court only of adversary proceeding No. 01-5086, and the Bankruptcy Court retained jurisdiction to issue the order in bankruptcy case No. 01-50330. See 28 U.S.C. § 157(a); 28 U.S.C. § 157(d).
For the foregoing reasons, the judgment of the district court is AFFIRMED.